UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL,** *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 07-1709 (ESH) |
| **DIRK A. KEMPTHORNE,** *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

On September 25, 2007, plaintiffs filed the above-captioned case challenging actions taken by the Department of the Interior and the Bureau of Land Management ("BLM") relating to the Atlantic Rim Natural Gas Field Development Project in Wyoming.  Specifically, plaintiffs challenge BLM's approval of ninety new natural gas wells in the project area under the public participation provisions and other provisions of National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA") and the Clean Water Act ("CWA"). (Compl. ¶ 7.)  Plaintiffs have simultaneously moved for a preliminary injunction, asking the Court to enjoin any "further ground-disturbing activity" relating to the ninety newly approved wells and prohibit BLM from approving any additional applications for drilling permits in the Atlantic Rim area until the agency rectifies its alleged NEPA, FLPMA, and CWA violations. (Pls.' Mot. at 3.)

The day after plaintiffs filed their complaint and motion for preliminary injunction, defendants filed a notice of related case pursuant to Local Civil Rule 40.5.  Defendants contend that this case is related to *Theodore Roosevelt Conservation Partnership v. Kempthorne*,

07cv1486, currently pending before Judge Richard Leon, which involves NEPA and FLPMA challenges to the Atlantic Rim Environmental Impact Statement ("Atlantic Rim EIS").  They argue that because the specific BLM decisions challenged in this action are "tiered" to the Atlantic Rim EIS -- meaning that they refer to it and adopt its reasoning -- both cases necessarily involve an examination of the adequacy of the BLM's analysis in the Atlantic Rim EIS, and therefore involve common issues of fact and law.  Under the local rules, if the Court determines that the two cases are related, the above-captioned matter would be transferred to Judge Leon, who is presiding over the lower-numbered case.  Plaintiffs object to such a transfer, arguing that the areas of overlap between the two cases are not substantial enough to warrant transfer, as the focus of their case is on the process relating to the two specific drilling decisions, and their case also raises several additional legal claims not currently encompassed by the case before Judge Leon.

     Under Local Civil Rule 40.5, civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction . . . ."  Here, plaintiffs themselves acknowledge that "[b]ecause of BLM's reliance on [the Atlantic Rim EIS] in approving the plans of development [at issue here], the adequacy of the Atlantic Rim Development Project FEIS is relevant to the lawfulness of BLM's approval of the wells challenged" in this action.  (Pls.' Mot. at 10-11.)  Therefore, the two cases clearly involve common issues of law under NEPA and issues of fact, for, to a large degree, they grow out of the same event -- BLM's promulgation of the Atlantic Rim EIS.  Moreover, as admitted by the plaintiffs during a conference call held on September 27, 2007, the two cases also clearly involve

the same property -- the land area that is the subject of the Atlantic Rim EIS. The "considerations of judicial economy" that underlie this Court's related-case rule thus favor the transfer of this case to Judge Leon. *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (deeming two cases to be unrelated when they only involved "the overlap of discovery," and noting that "[i]t will often prove wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out of the same event or transaction"). The fact that plaintiffs' complaint adds additional legal claims not currently before Judge Leon does not make transfer of this case any less judicially efficient.

Accordingly, because the Court finds that the two cases are related, it overrules plaintiffs' objections and transfers the case to Judge Leon under Local Civil Rule 40.5.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 28, 2007