**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, )<br>)<br>Plaintiffs,                                    )<br>)<br>v.                                           )<br>)<br>DIRK A. KEMPTHORNE, in his official capacity, )<br>THE UNITED STATES DEPARTMENT OF THE )<br>INTERIOR, and                                )<br>THE BUREAU OF LAND MANAGEMENT,  )<br>)<br>Defendants.                                 )<br>) | 07-cv-01709-RJL |

**FEDERAL DEFENDANTS' PARTIAL MOTION TO STRIKE**

On October 18, 2007, this Court held a hearing to consider Plaintiffs' motion for a preliminary injunction to enjoin the Catalina and Sun Dog A and B Plans of Development (PODs) challenged in their complaint. Recognizing the difficulty of fully addressing the issues in the timeframe permitted for the hearing, the Court permitted the parties to file additional briefs. But, the Court limited the issues to be addressed in the briefs to issues addressed at the hearing. Specifically, the Court stated, "You can have to the 29th to file a supplemental pleading related to the arguments here. They are not going into new arguments, . . . you know, limited to the points that were made in the arguments or responses that you didn't get a chance to make or -- you know, so limited to the arguments here." Tr. 69:4-9.

On October 29, 2007, Plaintiffs submitted a supplemental brief that, in disregard of the Court's direction, included new evidence and argument regarding the Bureau of Land Management's

1

(BLM) approval of Sun Dog C, D, and E Plans of Development (PODs) and the supposed harms associated with them--issues that were not addressed at the hearing. Plaintiffs' September 25, 2007 complaint and briefs in support of their motion for preliminary injunction also do not address the Sun Dog C, D, and E PODs, which BLM approved on October 23, 2007.

Plaintiffs' arguments at the hearing on Sun Dog C, D, and E were limited to a bare statement that the Court should enjoin those PODs and argument that BLM did not provide them with an opportunity to participate in the decisionmaking process for those PODs. Tr. 8:17-25, 9:1-23 (Plaintiffs' counsel argued that Plaintiffs did not have "public notice or public opportunity to comment" on Sun Dog C, D, and E PODs); see also Tr. 76:10-14 (Plaintiffs' counsel questioned "What's going to happen when they -- they are going to issue them [Sun Dog C, D, and E approvals] on Monday. We are going to do the best we can to submit some comments, but those are going to be issued and the drilling is going to start happening on those next week."). At the hearing, Plaintiffs offered no testimony or factual support for any specific harms that would arise from BLM's planned approval of Sun Dog C, D, and E PODs.

Now, Plaintiffs improperly expanded the scope of their claims by introducing new evidence and argument in their supplemental brief directed at the alleged harms arising from approval of Sun Dog C, D, and E PODs based on a Declaration from Duane Short signed October 29, 2007 and photographs he took on October 22, 2007. Plaintiffs' actions raise basic questions of fairness. At the time of the hearing, the Sun Dog C, D, and E PODs had not been approved.[1] Neither the legal validity of the new PODs, nor the issues of alleged harm resulting from them were before the Court. It is unfair for Plaintiffs to attempt to introduce new evidence and issues in their final brief with an

---

[1] Federal Defendants candidly stated at the hearing that the Sun Dog C, D, and E approvals were then pending before BLM. (Tr. 53:24-25, 54:1-7).

obvious design to deny BLM and Defendant-Intervenors the opportunity to respond.[2]  If Plaintiffs desire to halt development of the Sun Dog C, D, and E PODs, they have the option of moving for an injunction and properly presenting the new issues for adjudication.  Because Plaintiffs' actions prejudice BLM, Defendants are left with no choice but to move to strike the new information contained in the Introduction, Part 1 of their brief and the supporting Short declaration and exhibits attached thereto.

In accordance with Local Rule 7(m) Federal Defendants contacted Plaintiffs to obtain their position.   Plaintiffs oppose this motion.

## CONCLUSION

The Court should strike the Introduction and Part 1 of Plaintiffs' Supplemental Preliminary Injunction brief as well as the Declaration of Duane Short and exhibits attached thereto.

Respectfully submitted this 30th day of October, 2007.

    RONALD J. TENPAS
    Acting Assistant Attorney General
    United States Department of Justice
    Environment & Natural Resources Division

    Jon M. Lipshultz
    United States Department of Justice
    Environment & Natural Resources Division
    Environmental Defense Section
    PO Box 23986
    Washington, DC 20026-3986
    Phone: (202) 514-2191
    Fax: (202) 353-7763

---

[2] The Short declaration seeks to introduce photographs that Plaintiffs claim show that the Sun Dog C, D, and E are allow development into undeveloped areas.  Plfs. Supplemental PI Br. at 2.  Plaintiffs could have offered this evidence at the hearing, and they fail to provide any explanation why they did not.

        D.C. Bar #416165


          s/ Lori Caramanian
        Lori Caramanian
        United States Department of Justice
        Environment and Natural Resources Division
        1961 Stout Street, 8th Floor
        Denver, CO 80294
        Phone: (303) 844-1499
        Fax: (303) 844-1350
        lori.caramanian@usdoj.gov

        Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of October, 2007, I electronically filed the foregoing **FEDERAL DEFENDANTS' PARTIAL MOTION TO STRIKE** through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sharon Buccino   sbuccino@nrdc.org, cwyatt@nrdc.org

Robert Charles Mathes    rmathes@bjorklindley.com, lvanderveer@bjorklindley.com

Michael B. Wigmore    michael.wigmore@bingham.com


                                                    s/ *Lori Caramanian*
                                                    LORI CARAMANIAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 07-cv-01709-RJL |
| DIRK A. KEMPTHORNE, in his official capacity, THE UNITED STATES DEPARTMENT OF THE INTERIOR, and THE BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING
FEDERAL DEFENDANTS' PARTIAL MOTION TO STRIKE**

---

**THIS MATTER** comes before the Court on the Federal Defendants' Partial Motion to Strike, filed October 30, 2007 ("Defendants' Motion to Strike").

**IT IS ORDERED** that the Federal Defendants' Motion to Strike is granted. The Court will strike the Introduction and Part 1 of Plaintiffs' Supplemental Preliminary Injunction brief as well as the Declaration of Duane Short and exhibits attached thereto.

Dated this ___ day of _____, 2007.

**SO ORDERED.**

               **RICHARD J. LEON**
               **United States District Judge.**