**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, ) | ) | |
| Plaintiffs, ) | ) | |
| v. ) | ) | 07-cv-01709-RJL |
| DIRK A. KEMPTHORNE, in his official capacity, ) | ) | |
| THE UNITED STATES DEPARTMENT OF THE ) | ) | |
| INTERIOR, and ) | ) | |
| THE BUREAU OF LAND MANAGEMENT, ) | ) | |
| Defendants. ) | ) | |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO STRIKE**

On October 31, 2007, Plaintiffs filed an opposition to Federal Defendants' motion to strike arguing that the Court should consider the new evidence contained in the Duane Short declaration that allegedly shows harms from development of the Sun Dog C, D, and E Plans of Development (PODs), and argument based on the declaration. Plaintiffs offer two rationales: (1) that they generically asked for broad relief in their complaint which would encompass the Sun Dog C, D, and E PODs; and (2) that their new evidence responds to Defendants' arguments that no damage would occur to the wild character of the area. Plfs. Opp. To Federal Defendants' Partial Motion to Strike at 1-2.

Federal Defendants will not belabor this issue in a lengthy reply, but the Court made it plain that the purpose of supplemental briefing was not to raise new argument and that is precisely what Plaintiffs have done. Tr: at 69: 4-9. The Court clearly intended to limit the supplemental briefs to

1

issues argued at the hearing and stated that the supplemental briefs shall "not go[] into new arguments." Id. Plaintiffs' interpretation of the Court's direction as allowing it to submit entirely new evidence as to the alleged harms arising from BLM's approval of Sun Dog C, D, and E merely because they requested broad relief in their complaint and because there was argument regarding the wild character of the area renders the Court's limitation meaningless.

Moreover, contrary to their assertion, Defendants' arguments as to the wild character of the area were addressed to development of the Catalina and Sun Dog A and B PODs, based on Exhibit A to the Ahlbrandt declaration. Tr: at 33-35. The only remarks Federal Defendants made with regard to Sun Dog C, D, and E PODs were limited to the question of whether Plaintiffs had an opportunity to comment during the decisionmaking process, an issue Plaintiffs raised in their opening argument.[1] The Short declaration does not address the public participation issue, but instead raises new allegations about the Plaintiffs' use of the area, along with photographs of the area taken by Mr. Short on October 22, 2007, which Plaintiffs claim show its wild character. As we pointed out in our motion to strike, Plaintiffs could have submitted the Short declaration at the hearing, which would have given the Defendants an opportunity to respond. Motion to Strike at 3, n.2. In their response, Plaintiffs offer no explanation as to why they did not. Plaintiffs also do not dispute that, as we also stated in our motion to strike, Motion to Strike at 2, they presented no

---

[1] MS. CARAMANIAN: Okay. I just want to address the Sun Dog C, D and E, which are not approved; they are still pending before BLM. And, again, it shows exactly the same thing, your Honor. Sun Dog C, D and E notices published on the NEPA log July 19, 2007.
   And, you know, where were the Plaintiffs on July 20th asking us for information about Sun Dog C, D and E, and then complaining before this Court in October that they didn't have the information back in July? It was on the web site. They had notice. They had actual and constructive notice of the Catalina and the Sun Dog plans of development, and they just missed the boat on providing comments.
Tr. at 53:23-25, 54:1-9.

evidence at the hearing that Sun Dog C, D, and E PODs threaten irreparable harm.[2]

Likewise, although they state that they "have chosen not to file a Motion for Temporary Restraining Order regarding BLM's approval of the Sun Dog C, D, and E PODs," Plfs. Opp. To Federal Defendants' Partial Motion to Strike at 3, Plaintiffs' choice of litigation strategy should not come at the cost of preventing Defendants a fair opportunity to respond to new evidence and to address the question of whether emergency injunctive relief is warranted for the Sun Dog C, D, and E PODs in the first instance.

Ultimately, the question of the alleged harms arising from Sun Dog PODs C, D, and E simply was not before the Court at the hearing and the Court should not permit Plaintiffs to submit new evidence at this stage of the proceedings when Defendants have no opportunity to respond. Because no party raised arguments at the hearing with regard to the alleged threat of irreparable harm from the Sun Dog C, D, and E PODs to the wild character of the area, the Court should strike the Short declaration and new argument based on that declaration.

Respectfully submitted this 2nd day of November, 2007.

        RONALD J. TENPAS
        Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        Jon M. Lipshultz
        United States Department of Justice
        Environment & Natural Resources Division
        Environmental Defense Section

---

[2] Plaintiffs also argue that the Court should consider their new evidence because BLM's approval of the Sun Dog C, D, and E PODs was done in "blatant disregard" of Plaintiffs' rights and the "Court's attempt to resolve the matter in a reasonable manner." Plfs. Reply on Motion to Strike at 2. However, they admit that BLM disclosed at the hearing that it was planning to approve the Sun Dog C, D, and E PODs, and that it knew in advance that was BLM's plan. Tr. at 8-10. Plaintiffs also made that point clear to the Court at the end of the hearing. Tr. at: 75.

PO Box 23986
Washington, DC 20026-3986
Phone: (202) 514-2191
Fax: (202) 353-7763
D.C. Bar #416165


  s/ Lori Caramanian
Lori Caramanian
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1499
Fax: (303) 844-1350
lori.caramanian@usdoj.gov

Attorneys for Federal Defendants