**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Avenue, NW, Suite 400
Washington, DC 20005, *et al.*

       Plaintiffs,

           v.

DIRK KEMPTHORNE, in his official capacity as the
Secretary of the United States
Department of the Interior
1849 C Street, NW
Washington, DC 20240, *et al.,*

       Defendants.

Civ. No. 1:07-cv-01709-RJL

ANADARKO PETROLEUM CORPORATION,
P.O. Box 1330
Houston, TX 77251-1330, *et al.,*

       Defendant-Intervenors.

### DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant-Intervenors Anadarko Petroleum Corporation, Warren Resources, Inc. and Double Eagle Petroleum Co. (collectively referred to as "Defendant-Intervenors") for their Answer in response to the First Amended Complaint for Declaratory and Injunctive Relief (the "Amended Complaint") filed by Plaintiffs Natural Resources Defense Council, Biodiversity Conservation Alliance, Wyoming Outdoor Council, Western Watersheds Project, and Wyoming Wilderness Association (the "Plaintiffs") in this matter state as follows:

1.      The allegations in Paragraph 1 of the Amended Complaint consist of Plaintiffs' characterization of the nature of the case and require no response. To the extent a response is deemed required, Defendant-Intervenors deny the allegations.

2.      Defendant-Intervenors deny the allegations in Paragraph 2 of the Amended Complaint.

3.      Defendant-Intervenors admit that at least two federal oil and gas units exist within the Atlantic Rim Natural Gas Field Development Project ("Atlantic Rim Development Project") area, including the Catalina and Sun Dog Units. Defendant-Intervenors admit that before Plaintiffs filed the original complaint in this case on September 25, 2007, the Bureau of Land Management ("BLM") had prepared two Environmental Assessments ("EAs") and Decision Records approving 90 new coalbed methane and reinjection wells in the Atlantic Rim Development Project area. Defendant-Intervenors admit that BLM approved those 90 wells as part of four Plans of Development ("PODs") -- Catalina PODs A and B and Sun Dog PODs A and B. Defendant-Intervenors deny the remainder of the allegations in Paragraph 3 of the Amended Complaint.

4.      Defendant-Intervenors admit the allegations in the first and second sentences in Paragraph 4 of the Amended Complaint. Defendant-Intervenors deny the allegations in the remainder of this paragraph.

5.      Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 5 of the Amended Complaint and therefore deny same.

6.      The allegations in Paragraph 6 of the Amended Complaint consist of Plaintiffs' characterization of the nature of the case and require no response. To the extent a response is deemed required, Defendant-Intervenors deny the allegations.

7.      The allegations in the third sentence in Paragraph 7 of the Amended Complaint consist of Plaintiffs' characterization of the nature of the case and require no response. To the

extent a response is deemed required, Defendant-Intervenors deny the allegations. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of this paragraph and therefore deny same.

8.     Defendant-Intervenors deny the allegations in Paragraph 8 of the Amended Complaint.

9.     Defendant-Intervenors deny the allegations in Paragraph 9 of the Amended Complaint.

**JURISDICTION AND VENUE**

10.     Defendant-Intervenors admit that 28 U.S.C. § 1331 provides this Court with subject matter jurisdiction over the first four claims set forth in the Amended Complaint, in the absence of any other jurisdictional defect. Defendant-Intervenors deny that this Court has jurisdiction over Plaintiffs' fifth cause of action because Plaintiffs failed to satisfy the notice requirements of 33 U.S.C. § 1365(b). The allegations in the last sentence of Paragraph 10 of the Amended Complaint constitute legal conclusions that require no response. To the extent a response is deemed required, Defendant-Intervenors deny the allegations in that sentence. Defendant-Intervenors deny the remainder of the allegations in this paragraph.

11.     Defendant-Intervenors deny the allegations in Paragraph 11 of the Amended Complaint.

12.     Defendant-Intervenors admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because Defendants are located in Washington, D.C. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 12 of the Amended Complaint and therefore deny same.

**PARTIES**

13.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 13 of the Amended Complaint and therefore deny same.

14.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 14 of the Amended Complaint and therefore deny same.

15.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 15 of the Amended Complaint and therefore deny same.

16.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 16 of the Amended Complaint and therefore deny same.

17.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 17 of the Amended Complaint and therefore deny same.

18.    Defendant-Intervenors admit the allegations in Paragraph 18 of the Amended Complaint.

19.    Defendant-Intervenors admit that the United States Department of the Interior is a federal agency responsible for managing federal public lands.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of the first sentence of Paragraph 19 of the Amended Complaint and therefore deny same.  The allegations in the last sentence of this paragraph constitute a characterization of the

law that requires no response. To the extent that these allegations require a response, they are denied.

20.     Defendant-Intervenors admit that BLM is the agency within the U.S. Department of the Interior responsible for managing oil and gas exploration, leasing, and development on federal lands. The allegations in the remainder of the first sentence of Paragraph 20 of the Amended Complaint constitute a characterization of the law that requires no response. To the extent that these allegations require a response, they are denied. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the last sentence of this paragraph and therefore deny same.

## STATUTORY AND REGULATORY FRAMEWORK

### National Environmental Policy Act

21.     The allegations in Paragraph 21 of the Amended Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

22.     The allegations in Paragraph 22 of the Amended Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

23.     The allegations in Paragraph 23 of the Amended Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

24.     The allegations in Paragraph 24 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

25.     The allegations in Paragraph 25 of the Amended Complaint constitute a characterization of law that requires no response.  To the extent that these allegations require a response, they are denied.

26.     The allegations in Paragraph 26 of the Amended Complaint constitute a characterization of law that requires no response.  To the extent that these allegations require a response, they are denied.

27.     The allegations in Paragraph 27 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

28.     The allegations in Paragraph 28 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

29.     The allegations in Paragraph 29 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

30.     The allegations in Paragraph 30 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

**The Clean Water Act**

31.     The allegations in Paragraph 31 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

32.     Defendant-Intervenors admit that the Final Environmental Impact Statement ("FEIS") for the Atlantic Rim Development Project area (at 3-46 to 3-47) identified surface waters in or near the Atlantic Rim Development Project area that are classified by the State of Wyoming for certain designated uses, including uses for drinking water, fish and other aquatic life, recreation, wildlife and scenic value.  The remainder of the allegations in Paragraph 32 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

33.     Defendant-Intervenors deny the allegations in the second sentence of Paragraph 33 of the Amended Complaint.  The allegations in the remainder of that paragraph constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

**The Federal Land Policy and Management Act**

34.     The allegations in Paragraph 34 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

35.     The allegations in Paragraph 35 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

36.     The allegations in Paragraph 36 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

**Oil and Gas Drilling**

37.     Defendant-Intervenors deny the allegations in Paragraph 37 of the Amended Complaint.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof.

38.     The allegations in Paragraph 38 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

39.     Defendant-Intervenors deny the last sentence in Paragraph 39 of the Amended Complaint.  The remainder of the allegations in Paragraph 39 of the Amended Complaint

constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

## FACTUAL BACKGROUND

40.    Defendant-Intervenors deny the allegations in the first sentence of Paragraph 40 of the Amended Complaint. In response to the remainder of the allegations in Paragraph 40, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

41.    Defendant-Intervenors admit the allegations in the first sentence of Paragraph 41 of the Amended Complaint. In response to the remainder of the allegations in Paragraph 41, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

42.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 42 of the Amended Complaint and therefore deny same. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof.

43.    In response to the allegations in Paragraph 43 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

44.     In response to the allegations in Paragraph 44 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

45.     In response to the allegations in Paragraph 45 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

46.     Defendant-Intervenors deny the allegations in the third sentence of Paragraph 46 of the Amended Complaint.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 46 of the Amended Complaint and therefore deny same.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof.

47.     Defendant-Intervenors admit that in February 2002, BLM issued a call for data for the revision of the Great Divide Resource Management Plan ("RMP").  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the last sentence of Paragraph 47 of the Amended Complaint and therefore deny same.

48.     Defendant-Intervenors admit the allegations in the first sentence of Paragraph 48 of the Amended Complaint.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 48 and therefore deny same.

49.     Defendant-Intervenors admit the allegations in the first sentence of Paragraph 49 of the Amended Complaint.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 49 and therefore deny same.

50.     Defendant-Intervenors admit the allegations in Paragraph 50 of the Amended Complaint.

51.     The allegations in Paragraph 51 of the Amended Complaint constitute Plaintiffs' characterization of the nature of the case and require no response.  To the extent a response is deemed required, Defendant-Intervenors deny the allegations.

52.     Defendant-Intervenors admit that on December 12, 2005, BLM issued a Draft Environmental Impact Statement ("EIS") for the proposed Atlantic Rim Development Project. Defendant-Intervenors admit that the proposed action in the Draft EIS for the Atlantic Rim Development Project was to develop the natural gas resource by drilling approximately 2,000 new natural gas wells.  Defendant-Intervenors admit that the Atlantic Rim Development Project sits within the Red Desert southwest of the town of Rawlins.  Defendant-Intervenors admit that the proposed action in the Draft EIS for the Atlantic Rim Development Project included new roads and pipelines.  In response to the remainder of the allegations in Paragraph 52 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that they require a response, they are denied.

53.     Defendant-Intervenors admit the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant-Intervenors admit that in late 2006, BLM released a FEIS for the proposed Atlantic Rim Development Project.

55.     Defendant-Intervenors admit the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant-Intervenors admit that on May 21, 2007, BLM issued a Record of Decision ("ROD") outlining a management plan for the Atlantic Rim Development Project.  In the ROD, BLM stated that it will conduct the appropriate level of environmental review prior to authorizing applications for permits to drill, right-of-way grants, sundry notices, and applications for special use permits associated with the project.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant-Intervenors admit the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant-Intervenors admit the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of Paragraph 59 of the Amended Complaint and therefore deny same.  The allegations in the second sentence in Paragraph 59 constitute a characterization of the law that requires no response.  To the extent that these allegations are deemed to require a response, they are denied.

60.     Defendant-Intervenors admit the allegations in the first three sentences of Paragraph 60 of the Amended Complaint.  Defendant-Intervenors deny the allegations in the last sentence of Paragraph 60.

61.     Defendant-Intervenors deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 62 of the Amended Complaint and therefore deny same.

63.     Defendant-Intervenors admit the allegations in Paragraph 63 of the Amended Complaint.

64.     Defendant-Intervenors deny the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 65 of the Amended Complaint and therefore deny same.

66.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 66 of the Amended Complaint and therefore deny same.

67.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 67 of the Amended Complaint and therefore deny same.

68.     Defendant-Intervenors deny the allegations in the last sentence of Paragraph 68 of the Amended Complaint.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of this paragraph and therefore deny same.

69.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 69 of the Amended Complaint and therefore deny same.

70.     Defendant-Intervenors admit the allegations in the first sentence of Paragraph 70 of the Amended Complaint.  Defendant-Intervenors deny the allegations in the second sentence of Paragraph 70.  Defendant-Intervenors do no have sufficient information or knowledge to form a belief as to the truth of the averments in the last sentence of Paragraph 70 and therefore deny same.

## FIRST CAUSE OF ACTION

71.     Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 70 as if fully set forth herein.

72.     The allegations in Paragraph 72 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

73.     The allegations in Paragraph 73 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

74.     Defendant-Intervenors deny the allegations in Paragraph 74 of the Amended Complaint.

75.     Defendant-Intervenors admit that in the ROD for the Atlantic Rim Development Project, BLM stated that it will conduct the appropriate level of environmental review prior to

authorizing applications for permits to drill, right-of-way grants, sundry notices, and applications for special use permits associated with the project.

76.     Defendant-Intervenors deny the allegations in Paragraph 76 of the Amended Complaint.

77.     Defendant-Intervenors deny the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendant-Intervenors deny the allegations in Paragraph 78 of the Amended Complaint.

79.     Defendant-Intervenors admit that in some circumstances, BLM has provided an opportunity for public comment on EAs that evaluate PODs for multiple coalbed methane wells.

80.     Defendant-Intervenors do no have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 80 of the Amended Complaint and therefore deny same.

81.     Defendant-Intervenors admit that BLM did not attribute its decision to approve the Sun Dog C, D and E PODs to an emergency circumstance.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 81 of the Amended Complaint.

82.     Defendant-Intervenors admit that BLM prepared and approved Environmental Assessments/Findings of No Significant Impact ("EA/FONSIs") for the Sun Dog C, D and E PODs.  Defendant-Intervenors admit that BLM approved Applications for Permits to Drill ("APDs") for 48 new wells in Sun Dog C, D and E PODs.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 82 of the Amended Complaint.

83.     Defendant-Intervenors deny the allegations in Paragraph 83 of the Amended Complaint.

## SECOND CAUSE OF ACTION

84.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 83 as if fully set forth herein.

85.    The allegations in Paragraph 85 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

86.    Defendant-Intervenors admit that the greater sage grouse is a BLM Wyoming sensitive species.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 86 of the Amended Complaint.

87.    Defendant-Intervenors do not have sufficient information or  knowledge to form a belief as to the truth of the averments in Paragraph 87 of the Amended Complaint and therefore deny same.

88.    Defendant-Intervenors deny the allegations in Paragraph 88 of the Amended Complaint.

89.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 89 of the Amended Complaint and therefore deny same.

90.    Defendant-Intervenors deny the allegations in Paragraph 90 of the Amended Complaint.

91.    Defendant-Intevenors do not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 91 of the Amended Complaint and therefore deny same.

92.      Defendant-Intervenors deny the allegations in Paragraph 92 of the Amended Complaint.

93.      Defendant-Intervenors deny the allegations in Paragraph 93 of the Amended Complaint.

94.      Defendant-Intervenors deny the allegations in Paragraph 94 of the Amended Complaint.

95.      Defendant-Intervenors admit that, in the FEIS for the Atlantic Rim Development Project, BLM determined that the Proposed Action and Alternatives C and D were expected to result in impacts to the greater sage grouse that exceed the "significance criteria" identified in the Atlantic Rim Development Project FEIS.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 95 of the Amended Complaint.

96.      Defendant-Intervenors deny the allegations in Paragraph 96 of the Amended Complaint.

97.      Defendant-Intervenors deny the allegations in Paragraph 97 of the Amended Complaint.

### THIRD CAUSE OF ACTION

98.      Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 97 as if fully set forth herein.

99.      The allegations in Paragraph 99 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

100.    Defendant-Intervenors deny the allegations in Paragraph 100 of the Amended Complaint.

101.    Defendant-Intervenors deny the allegations in Paragraph 101 of the Amended Complaint.

102.    Defendant-Intervenors deny the allegations in Paragraph 102 of the Amended Complaint.

103.    Defendant-Intervenors deny the allegations in Paragraph 103 of the Amended Complaint.

**FOURTH CAUSE OF ACTION**

104.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 103 as if fully set forth herein.

105.    The allegations in Paragraph 105 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

106.    The allegations in the first sentence of Paragraph 106 of the Amended Complaint constitute a characterization of law that requires no response.  To the extent that these allegations require a response, they are denied.  Defendant-Intervenors admit the allegations in the last sentence of Paragraph 106.

107.    Defendant-Intervenors deny the allegations in Paragraph 107 of the Amended Complaint.

108.    Defendant-Intervenors deny the allegations in Paragraph 108 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

109.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 108 as if fully set forth herein.

110.    The allegations in Paragraph 110 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

111.    The allegations in Paragraph 111 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

112.    The allegations in Paragraph 112 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

113.    Defendant-Intervenors deny the allegations in Paragraph 113 of the Amended Complaint.

114.    Defendant-Intervenors deny each and every allegation of the Amended Complaint not previously admitted, explained, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed in whole or in part because Plaintiffs failed

to exhaust administrative remedies and/or on the grounds of primary jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' fifth cause of action should be dismissed because Plaintiffs failed to satisfy the

notice requirements of the Clean Water Act ("CWA") and this court lacks subject matter

jurisdiction over that claim.  *See*  33 U.S.C. § 1365(b).

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenors Anadarko Petroleum Corporation, Warren

Resources, Inc., and Double Eagle Petroleum Co. pray for judgment as follows:

1.      To the extent that the Amended Complaint seeks declaratory judgment that

Defendants have violated the National Environmental Policy Act ("NEPA"), the Federal Land

Policy and Management Act ("FLPMA"), and the CWA, and applicable implementing

regulations, it is denied;

2.      To the extent that the Amended Complaint seeks injunctive relief directing

Defendants to rescind the applications for permits to drill approved for Catalina A & B PODs

and Sun Dog A, B, C, D and E PODs until BLM corrects the alleged violations of NEPA,

FLPMA and the CWA, it is denied;

3.      To the extent that the Amended Complaint seeks injunctive relief prohibiting

defendants from approving any further applications for permits to drill, or other ground-

disturbing activity, tied to the Atlantic Rim Development Project EIS until BLM corrects the

alleged violations of NEPA, FLPMA, and the CWA, it is denied;

4.    To the extent that the Amended Complaint seeks litigation expenses of the

Defendants, it is denied;

5.    Judgment on the merits in favor of Defendants and against the Plaintiffs; and

6.    For such other relief that this Court may deem just and proper.

Respectfully submitted,

/s/ Michael B. Wigmore

Michael B. Wigmore (DC Bar # 436114)
Sandra P. Franco (DC Bar # 467091)
Bingham McCutchen LLP
2020 K St., NW
Washington, DC 20006-1806
202.373.6000
202.373.6001 (facsimile)

*Counsel for Anadarko Petroleum
Corporation, Warren Resources, Inc., and
Double Eagle Petroleum Co.*

Robert C. Mathes (DC Bar # 484255)
Bjork Lindley Little PC
1600 Stout Street, Suite 1400
Denver, CO 80202
303.892.1400
303.892.1401 (facsimile)

*Counsel for Double Eagle Petroleum Co.*

Dated:  November 9, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of November, 2007, I caused to be filed

Defendant-Intervenors' Answer to Plaintiffs' First Amended Complaint electronically through

the CM/ECF system, which caused the following parties or counsel to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

Sharon Buccino
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Avenue, NW
Suite 400
Washington, DC 20005
(202) 289-6868
Fax: (202) 289-1060
Email: sbuccino@nrdc.org
*Attorney for Plaintiffs*

Lori Caramanian
U.S. DEPARTMENT OF JUSTICE
1961 Stout St.
8th Floor
Denver, CO 80294
(303) 312-7393
Fax: (303) 844-1499
Email: lori.caramanian@usdoj.gov
*Attorney for Defendants*

      /s/ Michael B. Wigmore      
Michael B. Wigmore
