**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, )<br>)<br>e*t al.*,                    )<br>)<br>        Plaintiffs,         )<br>)<br>        v.                     )<br>)<br>DIRK A. KEMPTHORNE, in his official capacity, )<br>THE UNITED STATES DEPARTMENT OF THE )<br>INTERIOR, and                 )<br>THE BUREAU OF LAND MANAGEMENT, )<br>)<br>        Defendants.          )<br>_____)<br>)<br>ANADARKO PETROLEUM CORPORATION, )<br>)<br>*et al.*,                     )<br>)<br>        Defendant-Intervenors. ) | 07-cv-01709-RJL |

<u>ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF</u>

Federal Defendants, by and through their undersigned attorneys, answer the claims and allegations of Plaintiffs' Complaint as set forth below. The numbered paragraphs in the answer correspond to the numbered paragraphs in the complaint.

1. The allegations set forth in the first sentence of Paragraph 1 of the Amended Complaint contain Plaintiffs' characterization of the nature of the proceedings to which no response is required. Defendants admit the allegations in the second and third sentence.

2. Defendants deny the allegations.

3. Defendants deny the allegations set forth in the first and second sentences of Paragraph 3 of the Amended Complaint. Defendants deny the allegations in the third sentence and aver that BLM prepared environmental assessments (EAs) for 90 coalbed natural gas

   (CBNG) wells.  Defendants admit the allegations in the fourth sentence.  Defendants deny the allegations in the fifth sentence.

4.  Defendants admit the allegations set forth in the first and second sentences of Paragraph 4 of the Amended Complaint.  Defendants deny the allegations in the third sentence and aver that BLM provided NRDC a copy of the EAs on October 16, 2007.  The remaining allegations purport to characterize BLM's email to NRDC, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in the fourth sentence.

5.  Defendants admit the allegations.

6.  Defendants deny the allegations and aver that the proposed project area lies within the semiarid Rolling Sagebrush Steppe ecoregion, a vast region of rolling plains and basins interspersed with uplifts, rims, terraces, alluvial fans, draws, and drainages; and which contains wildlife habitat.

7.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 7.  Defendants deny the allegations in the second sentence and aver that there is interest in the lands at issue.  Defendants deny the allegations in the third sentence.  The remaining allegations in the fourth sentence purport to characterize the Atlantic Rim Natural Gas Field Development Project (Atlantic Rim Project) Final Environmental Impact Statement (EIS), which speaks for itself and is the best evidence of its contents.

8.  Defendants deny the allegations.

9.  Defendants deny the allegations.

10.  The allegations set forth in Paragraph 10 of the Amended Complaint contain conclusions of law as to jurisdiction to which no response is required.

11.  The allegations set forth in Paragraph 11 of the Amended Complaint contain conclusions of law to which no response is required.

12.  The allegations set forth in Paragraph 12 of the Amended Complaint contain conclusions of law as to venue to which no response is required.

13.  Defendants lack knowledge or information to form a belief as to the truth of the allegations made in sentences one, two, three, six and seven of Paragraph 13 of the Amended Complaint and on that basis deny the same.  Defendants admit the allegations in sentences four and five.

14.  Defendants lack knowledge or information to form a belief as to the truth of the allegations made in Paragraph 14 of the Amended Complaint and on that basis deny the same.

FEDERAL DEFENDANTS' ANSWER                  2

15. Defendants lack knowledge or information to form a belief as to the truth of the allegations made in Paragraph 15 of the Amended Complaint and on that basis deny the same.

16. Defendants admit the allegation in the fourth sentence of paragraph 16. Defendants lack knowledge or information to form a belief as to the truth of the remaining allegations.

17. Defendants lack knowledge or information to form a belief as to the truth of the allegations made in Paragraph 17 of the Amended Complaint and on that basis deny the same.

18. The allegations set forth in the first sentence of Paragraph 18 of the Amended Complaint contain Plaintiffs' characterization of the nature of the proceedings to which no response is required. The allegations in the second sentence are conclusions of law, to which no response is required.

19. The allegations set forth in Paragraph 19 of the Amended Complaint are conclusions of law, to which no response is required.

20. The allegations set forth in the first sentence of Paragraph 20 of the Amended Complaint are conclusions of law, to which no response is required. Defendants deny the allegations in the second sentence and aver that BLM manages approximately 18.4 million acres of surface estate and approximately 41.6 million acres of federal mineral estate within the State of Wyoming.

21. The allegations set forth in Paragraph 21 of the Amended Complaint are conclusions of law, to which no response is required.

22. The allegations set forth in Paragraph 22 of the Amended Complaint are conclusions of law, to which no response is required.

23. The allegations set forth in Paragraph 23 of the Amended Complaint are conclusions of law, to which no response is required.

24  The allegations set forth in Paragraph 24 of the Amended Complaint are conclusions of law, to which no response is required.

25. The allegations set forth in Paragraph 25 of the Amended Complaint are conclusions of law, to which no response is required.

26. The allegations set forth in Paragraph 26 of the Amended Complaint are conclusions of law, to which no response is required.

27. The allegations set forth in Paragraph 27 of the Amended Complaint are conclusions of law, to which no response is required.

28. The allegations set forth in Paragraph 28 of the Amended Complaint are conclusions of law, to which no response is required.

29. The allegations set forth in Paragraph 29 of the Amended Complaint are conclusions of law, to which no response is required.

30. The allegations set forth in Paragraph 30 of the Amended Complaint are conclusions of law, to which no response is required.

31. The allegations set forth in Paragraph 31 of the Amended Complaint are conclusions of law, to which no response is required.

32. The allegations set forth in Paragraph 32 of the Amended Complaint are conclusions of law, to which no response is required.

33. The allegations set forth in Paragraph 33 of the Amended Complaint are conclusions of law, to which no response is required.

34. The allegations set forth in Paragraph 34 of the Amended Complaint are conclusions of law, to which no response is required.

35. The allegations set forth in Paragraph 35 of the Amended Complaint are conclusions of law, to which no response is required.

36. The allegations set forth in Paragraph 36 of the Amended Complaint are conclusions of law, to which no response is required.

37. Defendants deny the allegations and aver that Reasonably Foreseeable Development scenarios are utilized in Resource Management Plans (RMP) and accompanying EISs for the purposes set forth in BLM Instruction Memorandum (IM) No. 2004-089.

38. The allegations set forth in Paragraph 38 of the Amended Complaint are conclusions of law, to which no response is required.

39. The allegations set forth in Paragraph 39 of the Amended Complaint are conclusions of law, to which no response is required.

40. Defendants deny the allegations in the first sentence of Paragraph 40 of the Amended Complaint. The allegations set forth in the remainder of Paragraph 40 contain Plaintiffs' characterization of Executive Order 13212, which speaks for itself and is the best evidence of its contents.

41. Defendants admit the allegations in the first sentence of Paragraph 41 of the Amended Complaint. The second sentence contains Plaintiffs' characterization of BLM Information Bulletin No. 2001-138, which speaks for itself and is the best evidence of its contents. Defendants admit the allegations in the third sentence.

42. The allegations set forth in Paragraph 42 of the Amended Complaint contain Plaintiffs' characterization of IM No. 2002-081, which speaks for itself and is the best evidence of its contents.

43. The allegations set forth in Paragraph 43 of the Amended Complaint contain Plaintiffs' characterization of IM No. 2004-110, which speaks for itself and is the best evidence of its contents.

44. The allegations set forth in Paragraph 44 of the Amended Complaint contain Plaintiffs' characterization of IM No. 2005-247, which speaks for itself and is the best evidence of its contents.

45. The allegations set forth in Paragraph 45 of the Amended Complaint contain Plaintiffs' characterization of a Government Accountability Office report (GAO-05-418), which speaks for itself and is the best evidence of its contents.

46. Defendants admit the allegations set forth in the first sentence of Paragraph 46 of the Amended Complaint. The allegations in sentence two contain Plaintiffs' characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the third sentence and aver that industry plans for development in the project area proposed drilling and developing approximately 2,000 new natural gas wells. The allegations set forth in the fourth sentence contain Plaintiffs' characterization of IM No. 2002-081, which speaks for itself and is the best evidence of its contents.

47. Defendants admit the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendants admit the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendants admit the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Defendants admit the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations and aver that BLM has not completed the revision to the Great Divide RMP, but that is has properly approved the Record of Decision (ROD) for the Atlantic Rim Project, which authorizes drilling approximately 2,000 natural gas wells in the project area.

52. Defendants admit the allegations set forth in sentence one of Paragraph 52 of the Amended Complaint. The remaining allegations contain Plaintiffs' characterization of the Atlantic Rim Project Draft EIS, which speaks for and is the best evidence of its contents.

53. Defendants admit the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Defendants admit the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendants admit the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Defendants admit the allegations set forth in sentence one of Paragraph 56 of the Amended Complaint. The remaining allegations contain Plaintiffs' characterization of the EIS and ROD for the Atlantic Rim Project, which speak for themselves and are the best evidence of their contents.

57. Defendants admit the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Defendants admit the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations set forth in sentence one of Paragraph 59 of the Amended Complaint and aver that BLM has received Applications of Permits to Drill (APDs) within the project area. The allegations in sentence two are conclusions of law, to which no response is required.

60. Defendants deny the allegations in the first sentence and aver that on June 28, 2007, BLM approved APDs for 36 CBNG wells submitted by Double Eagle Petroleum Company. Defendants admit the allegations in the second sentence. The remaining allegations of Paragraph 60 of the Amended Complaint contain Plaintiffs' characterization of the Environmental Assessment (EA), and Finding of No Significant Impact/Decision Record (DR) for the Catalina A and B Plans of Development (POD), which speak for themselves and are the best evidence of their contents.

61. Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Defendants admit the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegation in the first sentence and aver that on August 16, 2007, BLM approved APDs for 48 CBNG wells submitted by Anadarko E & P Company. Defendants admit the allegations in the second sentence. The allegations set forth in the remainder of Paragraph 63 of the Amended Complaint contain Plaintiffs' characterization of the EA and, DR for the Sun Dog A and B PODs, which speak for themselves and are the best evidence of their contents.

64. Defendants deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Defendants lack knowledge or information to form a belief as to the truth of the allegations made in Paragraph 65 of the Amended Complaint and on that basis deny the same.

66. Defendants deny the allegations set forth in the first sentence of Paragraph 66 of the Amended Complaint and aver that Biodiversity Conservation Alliance (BCA) first requested posted information for all APDs in the project area on September 5, 2007, and

        requested sample APD postings and the EA/DRs for the Sun Dog A and B and Catalina A and B PODs on September 7, 2007.  Defendants deny the allegations in the second sentence and aver that BLM provided the Sun Dog A and B and Catalina A and B EA/DRs and two sample APD postings to NRDC on September 10, 2007.  Defendants deny the allegations in the third sentence and aver that BLM is currently processing a request for the documents by NRDC under the Freedom of Information Act.

67.      Defendants admit the allegations set forth in Paragraph 67 of the Amended Complaint.

68.      Defendants admit the allegations set forth in the first sentence Paragraph 68 of the Amended Complaint.  The second, third and fourth sentences purport to characterize BLM's email of October 22, 2007, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in sentence five.

69.      Defendants admit the allegations set forth in Paragraph 69 of the Amended Complaint.

70.      Defendants admit the allegations set forth in the first and third sentences of Paragraph 70 of the Amended Complaint.  The allegations in sentence two contain Plaintiffs' characterization of the DR for the Sun Dog A and B PODs, which speaks for itself and is the best evidence of its contents.

71.      Defendants repeat each of their answers made in response to Paragraphs 1 through 70 of the Amended Complaint.

72.      The allegations set forth in Paragraph 72 of the Amended Complaint are conclusions of law, to which no response is required.

73.      The allegations set forth in Paragraph 73 of the Amended Complaint are conclusions of law to which no response is required.

74.      Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.      The allegations set forth in Paragraph 75 of the Amended Complaint contain Plaintiffs' characterization of the Atlantic Rim Project EIS and ROD, which speaks for itself and is the best evidence of its contents.

76.      Defendants deny the allegations.

77.      Defendants deny the allegations and aver that the public had an opportunity to comment on the APDs and during the preparation of the EAs.

78.      Defendants deny the allegations and aver that the public had an opportunity to comment on the APDs and during the preparation of the EAs.

79.      Defendants admit the allegations.

80. Defendants deny the allegations and aver that BLM may provide for public comment on an EA in accordance with the BLM Handbook, H-1790-1 at IB-6.

81. Defendants deny the allegations and aver that there was no emergency related to public health or safety; however the public had an opportunity to provide comments on the APDs and during preparation of the EAs, beginning July 19, 2007.

82. Defendants deny the allegations set forth in the first sentence of Paragraph 82 of the Amended Complaint. Defendants admit the allegations in the second sentence.

83. Defendants deny the allegations.

84. Defendants repeat each of their answers made in response to paragraphs 1 through 83 of the Amended Complaint.

85. The allegations set forth in Paragraph 85 of the Amended Complaint are conclusions of law, to which no response is required.

86. Defendants admit the allegations set forth in the first sentence of Paragraph 86 of the Amended Complaint. The allegations in the remainder of Paragraph 86 contain Plaintiffs' characterization of BLM policy for Special Status Species Management, BLM Manual § 6840, which speaks for itself and is the best evidence of its contents.

87. Defendants deny the allegations and aver that as described in U.S. Fish and Wildlife Service status review of January 7, 2005, and 12-Month Finding for Petitions to List the Greater Sage-Grouse as Threatened or Endangered, 70 Fed. Reg. 2244 (Jan. 12, 2005), the range and distribution of greater sage grouse has fluctuated historically, and the rate of decline range-wide slowed from 1986 through 2003.

88. Defendants deny the allegation and aver that energy development and associated infrastructure creates loss and fragmentation of sage-grouse habitat.

89. Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint and aver that the project area contains a high amount of and diversity of suitable habitat, lack of habitat fragmentation, and the close proximity of upland and riparian habitats.

90. Defendants deny the allegations and aver that the Atlantic Rim Project will directly result in a loss of a maximum of 8.1 percent of available nesting habitat, and that it will impact sage-grouse through the indirect loss of habitat from bird displacement and fragmentation of nesting and early brood rearing habitat.

91. The allegations made in Paragraph 91 of the Amended Complaint purport to characterize scientific studies which speak for themselves and are the best evidence of their contents.

92. Defendants deny the allegations made in Paragraph 92 of the Amended Complaint and aver that the Atlantic Rim Project will apply avoidance and mitigation measures to

FEDERAL DEFENDANTS' ANSWER                                                                 8

minimize impacts on sage grouse, including avoiding surface disturbing activity during nesting and early brooding habitat from March 1 to July 15.

93. The allegations made in Paragraph 93 of the Amended Complaint purport to characterize the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

94. Defendants deny the allegations and aver that the allegation regarding the effectiveness of mitigation on "other BLM-approved projects" on the basis that the allegation regarding unidentified BLM projects is too vague for Defendants to provide a response. Defendants further aver that mitigation measures on the Atlantic Rim project will reduce loss of habitat and stress to sage grouse in proximity to leks on public lands.

95. The allegations made in Paragraph 95 of the Amended Complaint purport to characterize the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

96. The allegations set forth in Paragraph 96 of the Amended Complaint purport to characterize comments provided on the Atlantic Rim EIS, which speaks for themselves and are the best evidence of their contents.

97. Defendants deny the allegations.

98. Defendants repeat each of their answers made in response to paragraphs 1 through 97 of the Amended Complaint.

99. The allegations set forth in Paragraph 99 of the Amended Complaint are conclusions of law, to which no response is required.

100. Defendants deny the allegations.

101. Defendants deny the allegations.

102. Defendants deny the allegations.

103. Defendants deny the allegations.

104. Defendants repeat each of their answers made in response to paragraphs 1 through 103 of the Amended Complaint.

105. The allegations set forth in Paragraph 105 of the Amended Complaint are conclusions of law, to which no response is required.

106. Defendants admit the allegations.

107. Defendants deny the allegations.

108. Defendants deny the allegations.

109. Defendants repeat each of their answers made in response to paragraphs 1 through 108 of the Amended Complaint.

110. The allegations set forth in Paragraph 110 of the Amended Complaint are conclusions of law, to which no response is required.

111. The allegations set forth in Paragraph 111 of the Amended Complaint are conclusions of law, to which no response is required.

112. The allegations set forth in Paragraph 112 of the Amended Complaint are conclusions of law, to which no response is required.

113. The allegations set forth in Paragraph 113 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

PRAYER FOR RELIEF

1-6. The remainder of the Amended Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs' are entitled to any relief requested in their prayer for relief, including each and every subpart, or any relief whatsoever.

Defendants deny any allegations of the Amended Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

WHEREFORE, Defendants respectfully pray that this Court deny in all respects Plaintiffs' prayer for relief, dismiss the complaint, enter judgment for the Defendants, and grant such other relief as may be appropriate.

DEFENSES

The Court lacks jurisdiction over the complaint.

Respectfully submitted this 26th day of November, 2007.

        RONALD J. TENPAS
        Acting Assistant Attorney General
        United States Department of Justice

Environment & Natural Resources Division

Jon M. Lipshultz
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
PO Box 23986
Washington, DC 20026-3986
Phone: (202) 514-2191
Fax: (202) 353-7763
D.C. Bar #416165

s/ Lori Caramanian
Lori Caramanian
United States Department of Justice
Environment and Natural Resources Division
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1499
Fax: (303) 844-1350

Attorneys for Federal Defendants