IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL <br> 1200 New York Avenue, NW, Suite 400 <br> Washington, DC  20005,         *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, in his official capacity <br> As the Secretary of the United States <br> Department of the Interior <br> 1849 C Street, NW <br> Washington, DC  20240,         *et al.* <br><br> Defendants. | Civ. No. 07-1709 (RJL) |

**NRDC *ET AL.* OPPOSITION TO INDUSTRY DEFENDANT-INTERVENORS'
MOTION TO CONSOLIDATE**

Plaintiffs NRDC, *et al.* oppose Industry Defendant-Intervenors' motion to consolidate this case with *Theodore Roosevelt Conservation Partnership v. Kempthorne*, Case No. 07-1486 (RJL).  The two cases are simply not as similar as intervenors suggest. NRDC has challenged the numerous applications for permits to drill ("APDs") approved by the Bureau of Land Management ("BLM") in the Atlantic Rim project area in south-central Wyoming.  TRCP has not challenged these permit decisions and the facts regarding the drilling permits are not relevant to the TRCP case.  The NRDC plaintiffs and TRCP have different interests, have different claims and have pursued different legal strategies.  Consolidating the two cases will make matters more complicated and confusing, rather than less.

**I.    The Differences in the Claims of the Two Cases are Greater than the Similarities.**

The decision whether to consolidate cases under Federal Rule of Civil Procedure 42(a) is within "the broad discretion" of the trial court.  *Scarborough v. National Ass'n of Surety Bond Producers*, 474 F.Supp.2d 64, 71 (D.D.C. 2007).  "If the parties at issue, the procedural posture and the allegations in each case are different . . ., consolidation is not appropriate."  *Blasko v. Washington Metropolitan Area Transit Auth.,* 243 F.R.D. 13, 15 (D.D.C. 2007).  When determining whether to consolidate cases, a court should "weigh considerations of convenience and economy against considerations of confusion and prejudice."  *American Postal Workers Union v. United States Postal Service*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) citing *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).  While it is within the Court's discretion to consolidate the NRDC and TRCP cases, the circumstances do not support such consolidation.

Intervenors have provided the court with an inaccurate picture of the two cases.  Intervenors state that "the underlying facts in both cases are largely identical."  Motion to Consolidate, at 6.  This is simply incorrect.  Intervenors ignore the fact that the NRDC case involves three separate decisions BLM made after the Record of Decision challenged in the TRCP case.  A central focus of the NRDC case is the allegedly unlawful process BLM is using to approve drilling permits in the Atlantic Rim project area.  These drilling permits at not at issue at all in the TRCP case.  In fact, one of the BLM decisions challenged in the NRDC case – the approval on October 23, 2007, of the Sun Dog C, D & E Plans of Development ("PODs")  – occurred over two months after the TRCP case was filed.

The plaintiffs involved in the NRDC case appealed the adequacy of the Final Environmental Impact Statement for the Atlantic Rim project (FEIS) to the Interior Board of Land Appeals ("IBLA").  While the IBLA issued a decision on September 5, 2007, denying the request by Biodiversity Consevation Alliance and others for a stay, the IBLA has not issued a final decision in that appeal.  When the NRDC plaintiffs brought their complaint in federal court, they did not challenge the IBLA's denial of the request to stay the Record of Decision and the accompanying project EIS.  In their motion of preliminary injunction, the NRDC plaintiffs focused on BLM's approval of drilling permits subsequent to its approval of the project EIS.  The NRDC plaintiffs chose a different approach to their case than TRCP and should be entitled to pursue their case independently from the TRCP case.

The fact that the project EIS is relevant to the BLM drilling permit approvals challenged by NRDC does not dictate consolidation.  While NRDC plaintiffs have amended their complaint to directly challenge the project EIS and Record of Decision, this does not change the fact that the drilling permit decisions are at issue in the NRDC case and not in the TRCP case.  Since both the cases are before the same judge, any analysis of the project EIS done in one case can easily be applied to the other case.[1]

In reality, intervenors are promoting consolidation not so much for judicial economy, but rather for their own convenience.  Intervenors would understandably prefer to deal with only one case, rather than two.   Convenience to the intervenors, however, does not justify denying both the TRCP and the NRDC plaintiffs the right to pursue their own case independently as they each see fit.  Plaintiffs in each case have different

---

[1] NRDC does not oppose a coordinated schedule for proceeding in the two cases and is prepared to negotiate one.  Such common schedule without consolidation will promote judicial economy while at the same time avoiding prejudice to the TRCP and NRDC plaintiffs.

interests as reflected in their different claims.  Having committed the resources to filing their own individual cases, NRDC and TRCP should be allowed to pursue them independently.

NRDC does not dispute the presence of some common issues of law and fact. Yet, some overlap does not dictate consolidation where so many differences exist.  While Judge Huvelle found that the TRCP and NRDC cases involved "common issues of law . . . and issues of fact" under D.C. Local Rule 40.5, she did not find that these common issues dominated the two cases. Order, *NRDC v. Kempthorne*, No. 07-1709 (D.D.C. Sept. 28, 2007).  "[F]actors favor[ing] a *transfer* do[] not necessarily indicate that *consolidation* of two cases already before the same district judge is necessary or appropriate."  *NRDC v. Norton*, 2007 WL 14283 (E.D.Cal. 2007), at *16 (denying motion to consolidate) (emphasis in original).[2]

**II.   The Administrative Record is Not the Same for Both Cases.**

Intervenors also inaccurately assert that the "administrative record will be virtually the same for both cases."  Motion to Consolidate at 2.  As mentioned above, the NRDC case involves decisions BLM made after the decision to approve the project EIS. New specialist reports were prepared for each of the three BLM decisions approving plans of development.  A separate environmental assessment and finding of no significant impact was prepared for each of the POD approvals challenged by NRDC.  BLM may

---

[2] Industry intervenors again mislead the Court in their characterization of this case.  In their reply filed in the TRCP case, intervenors state that *NRDC v. Norton* did not involve consolidation under Federal Rule 42(a). Industry Defendant-Intervenors Reply, No. 07-1486 (RJL) (December 6, 2007) (hereafter "Reply"), at 5.  This is simply wrong.  What the court held was that consolidation was not warranted even where a transfer had been made.  The same reasoning applies here.  The two cases are already before the same judge.  Any further judicial economy can be served by a common schedule for proceeding without risk of prejudice to the plaintiffs in the two cases.

4

approve more plans of development requiring NRDC to move to amend its complaint or file a new related case. None of these documents are part of the record in the TRCP case.

Some of the effort necessary for BLM to prepare the administrative record in the TRCP case is relevant and will be useful in the NRDC case. The records, however, are not the same. In fact, the federal defendants oppose consolidation of the two cases. *See* Federal Defendants' Opposition to Industry-Intervenors' Motion to Consolidate (December 7, 2007) (hereafter "Federal Defendants' Opp.").

In their reply brief, intervenors continue mislead the Court. Industry intervenors state that "the common evidence that will be relied on in both cases is overwhelming." Reply, at 6. Yet, none of the evidence in the NRDC case related to methane is relevant to the TRCP case. Likewise, none of the evidence in the NRDC case related to air quality appears relevant to the TRCP case. None of the evidence related to BLM sensitive species such as the Wyoming pocket gopher and pygmy rabbit appears relevant to the TRCP case. Moreover, none of the evidence in the NRDC case related to the public participation that BLM provided on the drilling permits is relevant to the TRCP case. There is no reason to confuse the two cases by combining them. Judicial economy can be served by simply proceeding on a coordinated schedule.

### III. Consolidation will Prejudice Plaintiffs.

As TRCP has argued in its opposition to the intervenors' motion to consolidate in *Theodore Roosevelt Conservation Partnership v. Kempthorne*, Case No. 07-1486 (RJL), consolidation will prejudice the plaintiffs in each of the two cases. The claims in the NRDC case are different from those in the TRCP case. NRDC does not challenge the failure to analyze adequately phased implementation of drilling. NRDC does not argue

5

that adaptive management violates the National Environmental Policy Act. Instead, NRDC has focused on different issues such as public participation. In considering NRDC's motion for preliminary injunctive relief, the Court has already invested time in assessing NRDC's claims. Thus, the simplest and quickest way to proceed is to keep the NRDC claims separate and distinct from the TRCP claims. Consolidation will unjustly limit the ability of the NRDC plaintiffs and TRCP to pursue their different claims fully as they each see fit. As the Federal Defendants' eloquently and concisely stated in their opposition to consolidation, "[t]he Court should not allow the Industry Intervenors to dictate the proceedings in these actions, particularly where their proposed course is contrary to the desires of the main parties in both actions, and where it would not serve the interests of justice." Federal Defendants Opp. at 1.

## CONCLUSION

For the reasons stated herein, the Court should deny Industry Intervenors' Motion to Consolidate.

Respectfully submitted this 7th day of December 2007.

        /s/ Sharon Buccino
Sharon Buccino (DC Bar # 432073)
Natural Resources Defense Council
1200 New York Ave., NW, Suite 400
Washington, DC  20005
202-289-6868

6

CERTIFICATE OF SERVICE

I hereby certify that on this 7${}^{th}$ day of December, 2007, I electronically filed the foregoing **NRDC *et al.* OPPOSITION TO INDUSTRY DEFENDANT-INTERVENORS' MOTION TO CONSOLIDATE** through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lori Caramanian    Lori.caramanian@usdoj.gov, jon.lipshultz@usdoj.gov, lori.montano@usdoj.gov, susan.middagh@usdoj.gov

Robert Charles Mathes  rmathes@bjorklindley.com, lvanderveer@bjorklindley.com

Michael B. Wigmore  Michael.wigmore@bingham.com

I also emailed a copy of the foregoing to counsel for proposed intervenor, State of Wyoming.

Kristen Dolan    kdolan@state.wy.us

                                          _____s/ Sharon Buccino_____
                                        SHARON BUCCINO