IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:07-cv-1709-RJL ) |
| DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |
| ANADARKO PETROLEUM CORPORATION, WARREN RESOURCES, INC., and DOUBLE EAGLE PETROLEUM CO., | ) ) ) ) |
| Defendant-Intervenors, | ) ) |
| STATE OF WYOMING, | ) ) |
| Movant-Defendant-Intervenor. | ) ) |

**INDUSTRY DEFENDANT-INTERVENORS REPLY IN SUPPORT OF THEIR MOTION TO CONSOLIDATE AND IN RESPONSE TO FEDERAL DEFENDANTS' AND NRDC *ET AL.*'S OPPOSITIONS**

This case, *Natural Resources Defense Council, et al. v. Kempthorne, et al.*, No. 1:07-cv-1709-RJL ("NRDC case"), and *Theodore Roosevelt Conservation Partnership v. Kempthorne, et al.,* No. 1:07-cv-1486-RJL ("TRCP case"), both concern the same project, the same defendants, and seek the same relief.  The Federal Defendants admit these cases involve common issues of fact and law, and grow out of the same event or transaction.  Federal Defs. Opp'n at 3.  Thus, consolidation of these two cases is warranted.

**Argument**

I.    **Common Issues of Law and Fact Dominate; Thus Consolidation is Warranted.**

Both the NRDC case and the TRCP case challenge the Environmental Impact Statement ("EIS") and Record of Decision ("ROD") for the Atlantic Rim Project and seek injunctive relief against any further activity. NRDC's and TRCP's National Environmental Policy Act ("NEPA") claims are substantially the same. NRDC argues that the TRCP case is different because, for example, TRCP asserts BLM failed to adequately analyze phased implementation of drilling and challenges BLM's adaptive management plan, while NRDC does not. NRDC Opp'n at 5-6. These purportedly different claims by TRCP relate to the issue of whether BLM adequately considered alternatives and mitigation measures under NEPA. TRCP Case, Docket No. 1 (Complaint) at ¶¶62-69. But NEPA is a *procedural* statute. *See Dep't of Transp. v. Public Citizen*, 541 U.S. 752, 756-57 (2004) ("NEPA imposes only procedural requirements on federal agencies with a particular focus on requiring agencies to undertake analyses of the environmental impact of their proposals and actions.") (citation omitted). Under NEPA, BLM is only required to examine "those alternatives necessary to permit a reasoned choice." *Morongo Band of Mission Indians v. FAA*, 161 F.3d 569, 576 (9th Cir. 1998) (citation omitted). Further, NEPA only requires that mitigation be discussed in sufficient detail to ensure environmental consequences have been considered. *Wright v. Inman*, 923 F. Supp. 1295, 1304 (D. Nev. 1996); *see also Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 353 (1989). Regardless of the variety of arguments asserted by plaintiffs relating to alternatives or mitigation measures, this Court need only determine *once* whether BLM complied with NEPA's requirements.

Notwithstanding, NRDC and the Federal Defendants suggest consolidation is not warranted, because the NRDC case also includes challenges to the Environmental Assessments

("EAs") for site-specific decisions approving individual plans of development ("PODs") within the Atlantic Rim Project. NRDC and Federal Defendants argue these site-specific challenges will require consideration of additional facts "not relevant to the TRCP case." NRDC Opp'n at 1; *see also* Federal Defs. Opp'n at 7 (asserting additional documents would be part of NRDC's administrative record). As an initial matter, this argument is insufficient to defeat consolidation. Moreover, neither denies that the *entire* administrative record for the TRCP case is subsumed by the record for the NRDC case.

In its opposition to consolidation, NRDC cherry picks certain facts in the record that may be used in support of NRDC's claims under NEPA, but not TRCP's claims, in an attempt to distinguish the two cases. *See* NRDC Opp'n at 5. This misses the point. NRDC's Amended Complaint asserts that certain environmental issues were not adequately considered by BLM. NRDC Am. Compl. at ¶100. In considering this claim, the Court must review not only the EAs but also the EIS. Therefore, the same administrative record at issue in the TRCP case is already before the Court in the NRDC case, regardless of the fact that NRDC may point to different parts of that record.[1]

Despite NRDC's claims relating to the site-specific decisions, common issues of law and fact dominate. NRDC's public participation claim relating to the individual EAs (NRDC Am.

---

[1] All parties agree with Judge Huvelle's determination that these cases involve common issues of law and fact. *See* NRDC Opp'n at 4; Federal Defs. Opp'n at 3, 5. Like TRCP, NRDC attempts to minimize this finding, citing to *NRDC v. Norton*, No. 05-1207, 2007 WL 14283, at *16 (E.D. Cal. Jan. 3, 2007). This case is inapposite. NRDC accuses Defendant-Intervenors of being misleading in distinguishing this case, NRDC Opp'n at 4 n.2, but it is NRDC that mischaracterizes Defendant-Intervenors' argument. Defendant-Intervenors do not dispute that the opinion cited addressed Rule 42(a), but note that the quote relied on by both TRCP and NRDC is in reference to an order addressing transfer of venue under 28 U.S.C. § 1404(a), not Rule 42(a). *See* Order Granting Motion to Transfer Venue, *Pac. Coast Fed'n v. Gutierrez*, No. 05-3232, at 3-5 (N.D. Cal. filed Jan. 24, 2006) (attached). Unlike Rule 42(a) and D.C. Rule 40.5, transfer under 28 U.S.C. § 1404 does not require a finding of common issues of law and fact.

Compl. at ¶¶72-83) is a straightforward legal issue, and one which the Court has already considered in the context of NRDC's motion for preliminary injunction. Also, although NRDC claims that BLM failed to take a hard look at environmental impacts related to the site-specific decisions, the specific allegations in the Amended Complaint relate to impacts considered in the EIS. *See, e.g.,* NRDC Am. Compl. at ¶¶89-97, 100-101. Thus, review of the EIS is required, in addition to review of the specific EAs, to evaluate NRDC's claims.

Moreover, NRDC's claim under the Federal Land Policy and Management Act ("FLPMA") is the same as in the TRCP case, as TRCP admitted. TRCP Opp'n at 6. Neither the Federal Defendants nor NRDC deny this. The FLPMA claims are wholly unrelated to the site-specific decisions. As with the NEPA claims, this Court should only be required to determine *once* if BLM complied with the requirements of FLPMA.

Finally, NRDC's additional claim brought under the Clean Water Act has already been addressed by this Court in the context of NRDC's request for preliminary injunctive relief. Consequently, this Court is familiar with this claim and, in fact, has already determined that NRDC is not likely to succeed on it. Mem. Op. (No. 31) at 14-15 (filed Nov. 30, 2007). Thus, the fact that NRDC raises a Clean Water Act claim not raised by TRCP is not a valid basis for holding two separate cases addressing overwhelmingly common issues.

**II.     None of the Parties Will Suffer Prejudice Due to Consolidation.**

Neither NRDC nor Federal Defendants will suffer prejudice as a result of consolidation. In support of keeping the cases separate, both NRDC and Federal Defendants assert that the cases involve different plaintiffs with different interests. Notwithstanding, even if the plaintiffs have philosophical differences, they both request the exact same relief here. TRCP Compl. at

35; NRDC Am. Compl. at 25.  Moreover, consolidation would not restrict the plaintiffs' right to raise their different legal arguments and, thus, any different interests in this matter are protected.

In fact, NRDC's ability to protect its purported different interests could be prejudiced by allowing these cases to proceed separately.  NRDC asserts that "[s]ince both the cases are before the same judge, any analysis of the project EIS done in one case can easily be applied to the other case."  NRDC Opp'n at 3.  Consequently, in the event this Court upholds issues relating to the EIS in the TRCP case, such as BLM's consideration of a reasonable range of alternatives, NRDC's ability to subsequently raise similar claims would be potentially barred.[2]  Thus, by not consolidating the cases, NRDC may lose the opportunity to raise its claims, rather than retain the ability to pursue their own case as "they each see fit."  *Id.*

Moreover, Federal Defendants point to no prejudice as to them as a result of consolidation.[3]  The only additional concern they raise relates to the small differences in the administrative records in the two cases if the cases are consolidated, Federal Defs. Opp'n at 6-7, which is insufficient grounds to require that these related cases be litigated separately.

NRDC and Federal Defendants both allege confusion if the site-specific decisions are included along with claims related to the EIS.  As noted above, however, such consideration is

---

[2] *See Sierra Club v. Block*, 576 F. Supp. 959, 964 (D. Or. 1983) ("The acting agency is entitled to expect that, absent changes in circumstances, issues adequately addressed in a programmatic EIS [when not challenged] will not be revived and relitigated when the agency undertakes specific action pursuant to the plans in the EIS.").

[3] Federal Defendants also point to the fact that they "agreed to a schedule" in the TRCP case.  Federal Defs. Opp'n at 5.  However, Defendant-Intervenors and State-Intervenors in that case opposed the schedule pending the Court's ruling on consolidation.  *See* TRCP Docket No. 16 (Meet and Confer Report).  Moreover, this proposed schedule was submitted well before the time required under this Court's Case Management Order (but immediately after TRCP and Federal Defendants were informed of Defendant-Intervenors intent to seek consolidation), and the Court has not ruled on the proposal.  Further, a common schedule with TRCP's case, as plaintiffs have proposed, would place the NRDC case on the same procedural track as the TRCP case.  NRDC Opp'n at 3 n.1.

required in the NRDC case regardless of whether the cases are consolidated. In any event, Defendant-Intervenors presume the Court is not so easily confused. Numerous courts have considered the adequacy of an EIS and of site-specific EAs at the same time. *See, e.g., Kern v. U.S. Bureau of Land Mgmt.*, 284 F.3d 1062, 1066 (9th Cir. 2002). The apparent concerns relating to confusion are further contradicted by the position of NRDC (and TRCP) allowing a "common schedule without consolidation." NRDC Opp'n at 3 n.1. Thus, requiring this Court to review the EIS and ROD (and the attendant administrative record) twice, to review duplicative briefs, and to hear the same arguments twice (possibly on similar schedules) not only fails entirely to promote judicial economy, but would also not appear to alleviate alleged concerns regarding consolidation.

Finally, NRDC and Federal Defendants assert that Defendant-Intervenors are somehow trying to "dictate" these proceedings for their "own convenience" and that this Court should defer to the plaintiffs' decision to pursue different legal strategies.[4] NRDC Opp'n at 1, 3, 6. Plaintiffs' different "legal strategies," however, have placed unnecessary burdens on Defendant-Intervenors, who have been forced to defend their projects in numerous appeals before the BLM State Director, the Interior Board of Land Appeals, and now in two cases before this Court.[5] As this Court has noted, one purpose of consolidation is to alleviate "needless duplication of time, effort, and expense on the part the parties and the Court." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (citation omitted).

---

[4] The parties approval for consolidation is not required as this Court may order consolidation *sua sponte*. *See, e.g., Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citing *In re Pepco Employment Litig.*, No. 86-0603(RCL), 1990 WL 236073, at *1 (D.D.C. Dec. 20, 1990)) (other citations omitted).

[5] TRCP recently filed an administrative appeal with the Interior Board of Land Appeals related to BLM's approval of Sun Dog PODs A and B, which are at issue in NRDC's case.

**Conclusion**

For the foregoing reasons and for the reasons outlined in Defendant-Intervenors' Motion to Consolidate, this Court should exercise its broad discretion and grant this motion to consolidate.

Respectfully submitted,

/s/ Michael B. Wigmore

Michael B. Wigmore (DC Bar # 436114)
Sandra P. Franco (DC Bar # 467091)
Bingham McCutchen LLP
2020 K St., NW
Washington, DC 20006-1806
202.373.6000
202.373.6001 (facsimile)
michael.wigmore@bingham.com
s.franco@bingham.com

*Counsel for Anadarko Petroleum Corporation, Warren Resources, Inc., and Double Eagle Petroleum Co.*

Robert C. Mathes (DC Bar # 484255)
Bjork Lindley Little PC
1600 Stout Street, Suite 1400
Denver, CO 80202
303.892.1400
303.892.1401 (facsimile)
rmathes@bjorklindley.com

*Counsel for Double Eagle Petroleum Co.*

Dated: December 17, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of December, 2007, I caused to be filed Industry Defendant-Intervenors' Reply In Support Of Their Motion To Consolidate And In Response To Federal Defendants' and NRDC *Et Al.*'s Oppositions electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Sharon Buccino
>Natural Resources Defense Council
>1200 New York Ave., NW, Suite 400
>Washington, D.C. 20005
>Email: sbuccino@nrdc.org
>*Attorney for Plaintiffs*
>
>Lori Caramanian
>U.S. DEPARTMENT OF JUSTICE
>1961 Stout St.
>8th Floor
>Denver, CO 80294
>(303) 312-7393
>Fax: (303) 844-1499
>Email: lori.caramanian@usdoj.gov
>*Attorney for Defendants*
>
>Kristen A. Dolan
>WYOMING ATTORNEY GENERAL'S OFFICE
>123 Capitol Avenue
>Cheyenne, WY 82002
>(307) 777-6946
>kdolan@state.wy.us
>*Counsel for Movant-Defendant-Intervenor State of Wyoming*

         /s/ Michael B. Wigmore
         Michael B. Wigmore

A/72349836.1

**ATTACHMENT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION, ET AL., | Case No. C-05-3232 JCS |
| Plaintiff(s), | |
| v. | ORDER GRANTING MOTION TO TRANSFER VENUE [Docket No. 60] |
| CARLOS M. GUTIERREZ, ET AL., | |
| Defendant(s). | 1:  06 CV 00 2 4 5 AWI LJO |
| and | |
| CALIFORNIA FARM BUREAU FEDERATION, SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, AND WESTLANDS WATER DISTRICT, | |
| Intervenor Defendant(s). | |

## I. INTRODUCTION

On Friday, January 20, 2006, Federal Defendants' Motion to Transfer Venue (the "Motion"), in which Defendant-Intervenors have joined, came on for hearing. Another judge of this court has previously transferred a companion action, *Natural Resources Defense Counsel, et al. v. Norton, et al.* ("*NRDC v. Norton*"), Case No. C-05-0690 CW, to Judge Wanger of the Eastern District. These two cases have (1) overlapping facts and legal issues and (2) arise out of the same agency action. In light of the danger of inconsistent relief, these two cases should be decided by the same court. Accordingly, the Motion is GRANTED.

## II. BACKGROUND

This action was filed on August 9, 2005. In it, Plaintiffs challenge the legality of a biological opinion issued by the National Marine Fisheries Service ("NFMS") in connection with the "Long-Term Central Valley Project Operations Criteria and Plan" ("2004 OCAP"), issued by the United

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Northern District of California.
Date Filed: 1/24/06
RICHARD W. WIEKING, Clerk
By: GINA AGUSTINE-RIVAS , Deputy Clerk

States Bureau of Reclamation. The 2004 OCAP sets forth a joint operating plan for the federal Central Valley Project ("CVP") and the State Water Project ("SWP") operated by the Bureau of Reclamation. On the same day that Plaintiffs filed the complaint in this action, they also filed a motion to relate the case to an earlier filed action then pending before Judge Wilken, *NRDC v. Norton*. In that action, Plaintiffs challenged the legality of another biological opinion, issued by the United States Fish and Wildlife Service ("FWS"), also in connection with the 2004 OCAP.

In their Administrative Motion to Consider Whether Cases Should be Related (the "Motion to Relate"), filed on August 9, 2005, Plaintiffs described the relationship between the two actions:

> The new action and *NRDC v. Norton* share many of the same factual and legal issues such that their assignment to a single judge would avoid significant duplication of labor and expense. Both cases involve the same water projects, the same operating plan and the same changes in future operations. Specifically, both involve the substantial changes to CVP and SWP operations set forth in the 2004 OCAP, and both represent an attempt by environmental and fishing groups to ensure that the impacts of these operational changes on federally listed fish species are adequately considered before these changes are further implemented. Both cases will require the court to familiarize itself with the 2004 OCAP. not only in terms of changed operations proposed therein, but in terms of the environmental (and especially fishery) impacts of those changed operations, such as elevated water temperatures and habitat degradation.
>
> Both cases also share common legal questions. For example, both cases will require the court to address whether NMFS and FWS complied with the identical [Endangered Species Act] Section 7 requirements that govern the preparation of biological opinions. In doing so, each court will have to consider such questions as whether the "no jeopardy" conclusion in each case is reasonable in light of the 2004 OCAP's significant intensification of CVP and SWP operations, and whether the "adaptive management" scheme and other future mitigation measures proposed in association with the 2004 OCAP are sufficient to justify a "no jeopardy" opinion despite the likely impacts to the affected species of the changed and intensified operations. Finally, the new action and *NRDC v. Norton* raise similar questions regarding the appropriate remedy for the federal defendants' failure to prepare adequate biological opinions; therefore the potential exists for conflicting remedies in the event the cases are not assigned to the same judge.

Motion to Relate at 4-5.

Before Judge Wilken ruled on the Motion to Relate, Defendant-Intervenors in *NRDC v. Norton* brought a motion to transfer that action to the Eastern District of California on the basis that it was similar to an action pending in the Eastern District, *San Luis & Delta-Mendota Water Auth.*

*and Westlands Water Dist. v. United States Dep't of the Interior, et al.*, Case No. CIV F-02-6461 OWW/DLB (hereinafter, "*San Luis*"). Judge Wilken denied the motion to relate and granted the motion to transfer *NRDC v. Norton* to the Eastern District.

Defendants and Defendant-Intervenors (collectively, the "Moving Parties") now seek transfer of this action to the Eastern District pursuant to 28 U.S.C. § 1404(a) on the basis that such a transfer is in the interest of justice because of the substantial similarities between this action and *NRDC v. Norton* and the greater judicial efficiency that will result from resolving these cases in the same court. Plaintiffs counter that a transfer should not be granted because their choice of forum should be given deference and because a transfer will give rise to significant inconvenience to many of the key individuals of the Plaintiff organizations. Plaintiffs reject the assertion that the similarities between this action and *NRDC v. Norton* support transfer, pointing out that the actions involve two different biological opinions issued by two different agencies. They also assert that transfer is not in the interest of justice because it would result in delay, given the greater court congestion in the Eastern District.[1]

### III.  ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred "for the convenience of the parties of the parties and witnesses, in the interest of justice" to "any other district or division where the action might have been brought."[2] In *Continental Grain Co. v. Barge F.B.L. - 585*, the Supreme

---

[1] In support of this point, Plaintiffs request judicial notice of statements by both Judge Wilken, of this district, and Judge Wanger, of the Eastern District, that the Eastern District of California is one of the busiest districts in the country. *See* Plaintiffs' Request that the Court Take Judicial Notice of Adjudicative Facts in Connection with Plaintiffs' Opposition to Federal Defendants' Motion to Transfer Venue ("First Request for Judicial Notice") (requesting Court take judicial notice of transcript of November 18, 2005, proceeding before Judge Wilken in which Judge Wilken stated that "the Eastern District of California has a huge caseload, much greater than ours"); Plaintiffs' Second Request that the Court Take Judicial Notice of Adjudicative Facts in Connection with Plaintiffs' Opposition to Federal Defendants' Motion to Transfer Venue ("Second Request for Judicial Notice") (requesting Court take judicial notice of transcript in proceeding before Judge Wanger in unrelated action in which Judge Wanger stated that "this is the busiest court in the United States . . . We have over 1,150 cases per judge in this court"). The Court grants Plaintiffs' request for judicial notice of these transcripts pursuant to Fed. R. Evid. 201(d), which allows courts to take judicial notice of facts not reasonably subject to dispute.

[2] The parties do not dispute that the action could have been brought in the Eastern District of California.

1  Court held that "[t]o permit a situation in which two cases involving precisely the same issues are
2  simultaneously pending in different district courts leads to the wastefulness of time, energy and
3  money that § 1404(a) was designed to prevent." 364 U.S. 19, 26 (1960). In reliance on *Continental*
4  *Grain*, courts have held that "the pendency of a similar action in the transferee court is a universally
5  recognized reason for granting a change of venue." *Weltmann v. Fletcher*, 431 F. Supp. 448, 451
6  (N.D. Ohio 1976) (citing *Continental Grain*, 364 U.S. at 26). For example, Judge Armstrong, of this
7  court, has explained that "the pendency of related actions in the proposed transferee forum is a
8  highly persuasive factor" in determining whether a transfer is in the interest of justice. *Wiley v.*
9  *Trendwest Resorts, Inc.*, 2005 WL 1910934 (N.D. Cal.) at *3. Further, "[t]he 'interests of justice'
10 consideration is the most important factor a court must consider, and may be decisive in a transfer
11 motion even when all other factors point the other way." *Id.* (quoting *London and Hull Maritime*
12 *Ins. Co. v. Eagle Pacific Ins. Co.*, 1996 WL 479013, * 3 (N.D. Cal. 1996)).

13        Other factors considered by courts in determining whether a case should be transferred under
14 § 1404(a) are: "(1) the location where the relevant agreements were negotiated and executed, (2) the
15 state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the
16 respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action
17 in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the
18 availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8)
19 the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 .3d 495, 498-499 (9th
20 Cir. 2000). However, in environmental cases involving challenges to an administrative record,
21 many of these factors are not applicable, in part because there is no evidentiary hearing or
22 presentation of witnesses. *See Nez Perce Tribe v. Nat'l Oceanic and Atmospheric Admin. Fisheries*,
23 2004 WL 1179333 at * 2 (D. Or. May 27, 2004). In these cases, one of the most important
24 considerations often is the local interest in having localized controversies decided at home. *Id.* A
25 party seeking transfer must make "a strong showing . . . to warrant upsetting the plaintiff's choice of
26 forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

27        Based on consideration of the factors listed above, the Court concludes that transfer is
28 warranted. It is indisputable – and indeed, undisputed by the parties – that there is significant

4

1  overlap between the two cases such that trying them together will result in greater judicial
2  efficiency. Further, the Court concludes that there is a danger of inconsistent outcomes if the cases
3  are handled by different courts. The Court is particularly troubled by the possibility that if this case
4  and *NRDC v. Norton* are handled by different courts, the potential remedies fashioned by the two
5  courts are likely to be piecemeal. Given that the 2004 OCAP is intended to be a unified plan, it is in
6  the interest of justice that any relief that may be granted in one or both cases should be fashioned by
7  a single judge who has the ability to appreciate its broad implications. Judge Wilken has found good
8  cause to transfer *NRDC v. Norton* to the Eastern District. This case should be heard in the same
9  court.

10  The Court does not find that the potential inconvenience to Plaintiffs of transferring the case
11  to the Eastern District is significant enough to outweigh the concerns discussed above. As Judge
12  Wilken has noted, most of the plaintiffs are regional, state-wide or national organizations. *See* Order
13  Granting Motion to Transfer (Case No. C-05-0690 CW), filed 9/6/05. Many litigate in the Eastern
14  District frequently. Nor does the possibility that there will be some delay in resolution of the case
15  (Plaintiffs assert that cases in the Eastern District take on average a month longer to resolve than
16  cases in this district, and the Court assumes this statistic to be accurate) persuade the Court the case
17  should not be transferred. While this Court is reluctant to contribute to the already heavy case load
18  of the Eastern District, it concludes that this is just the sort of case that § 1404(a) was designed to
19  address. The "interest of justice" strongly outweighs any inconvenience to Plaintiffs that will result
20  from transferring the case.

21  **IV.   CONCLUSION**

22  For the reasons stated above, the Motion is GRANTED. The Clerk is instructed to transfer
23  the file in this case to the Eastern District of California, Fresno Division.

24  IT IS SO ORDERED.

25  Dated: January 24, 2006

26
27                                   JOSEPH C. SPERO
                                     United States Magistrate Judge
28