IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, et al.<br>1200 New York Avenue, NW, Suite 400<br>Washington, D.C. 20005,<br><br>        Plaintiffs<br><br>        v.<br><br>DIRK KEMPTHORNE, in his official capacity<br>as the Secretary of the United States, et al.<br>Department of Interior<br>1849 C Street, NW<br>Washington, D.C. 20240,<br><br>        Defendants | Civ. No. 07-cv-01709-RJL<br><br><br><br><br><br>[PROPOSED] ANSWER |
| STATE OF WYOMING<br>123 Capitol Building<br>Cheyenne, WY 82002<br><br>        Movant-Intervenor | |

## ANSWER OF THE STATE OF WYOMING TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant-Intervenor State of Wyoming ("State") for its Answer in response to the First

Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") filed by the

Plaintiffs Natural Resources Defense Council, Biodiversity Conservation Alliance, Wyoming

Outdoor Council, Western Watersheds Project, and Wyoming Wilderness Association

("Plaintiffs") in the above-captioned matter states as follows:

1.      The allegations in Paragraph 1 of the Amended Complaint consist of Plaintiffs' description of the nature of this action and thus require no response. To the extent a response is required, Defendant-Intervenor denies the allegations.

2.      The allegations in Paragraph 2 of the Amended Complaint consist of Plaintiffs' description of the nature of this action and thus require no response. To the extent a response is deemed required, Defendant-Intervenor denies the allegations.

3.      Defendant-Intervenor admits that the Catalina and Sun Dog federal oil and gas units exist within the Atlantic Rim Natural Gas Field Development Project ("ARP"). Defendant-Intervenor admits that prior to the Plaintiffs filing the initial complaint in this action on September 25, 2007, the Bureau of Land Management ("BLM") prepared two Environmental Assessments ("EAs") and Decision Records ("DRs") approving 90 new wells in the ARP. Defendant-Intervenor admits that BLM approved those 90 wells as part of four Plans of Development ("PODS"). Defendant-Intervenor denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.      Defendant-Intervenor admits the allegations in the first and second sentences in Paragraph 4 of the Amended Complaint. Defendant-Intervenor denies the remaining allegations in this paragraph.

5.      Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 5 of the Amended Complaint and therefore denies same.

6.      The allegations in Paragraph 6 of the Amended Complaint consist of Plaintiffs' characterization of the nature of the action and thus require no response. To the extent a response is deemed required, Defendant-Intervenor denies the allegations.

7.      Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 7 of the Amended Complaint and therefore denies same.

8.      Defendant-Intervenor denies the allegations in Paragraph 8 of the Amended Complaint.

9.      Defendant-Intervenor denies the allegations in Paragraph 9 of the Amended Complaint.

## JURISDICTION AND VENUE

10.      Defendant-Intervenor admits that 28 U.S.C. § 1331 provides this Court with subject matter jurisdiction over the first four claims set forth in the Amended Complaint, in the absence of any other jurisdictional defect.  Defendant-Intervenor denies that this Court has jurisdiction over Plaintiffs' fifth cause of action because Plaintiffs failed to satisfy the notice requirements of 33 U.S.C. § 1365(b).  The allegations in the last sentence of Paragraph 10 of the Amended Complaint constitute legal conclusions that require no response.  To the extent a response is deemed required, Defendant-Intervenor denies the allegations.  Defendant-Intervenor denies the remainder of the allegations in Paragraph 10 of the Amended Complaint.

11.      Defendant-Intervenor denies the allegations in Paragraph 11 of the Amended Complaint.

12.      Defendant-Intervenor admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because Defendants are located in Washington, D.C.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 12 of the Amended Complaint and therefore denies same.

## PARTIES

13.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 13 of the Amended Complaint and therefore denies same.

14.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 14 of the Amended Complaint and therefore denies same.

15.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 15 of the Amended Complaint and therefore denies same.

16.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 16 of the Amended Complaint and therefore denies same.

17.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 17 of the Amended Complaint and therefore denies same.

18.    Defendant-Intervenor admits the allegations in Paragraph 18 of the Amended Complaint.

19.    Defendant-Intervenor admits that the United States Department of the Interior is a federal agency responsible for managing federal public lands.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of the first sentence of Paragraph 19 of the Amended Complaint and therefore denies same.  The allegations in the last sentence of Paragraph 19 of the Amended Complaint contain a

characterization of the law that requires no response. To the extent that these allegations are deemed to require a response, they are denied.

20.     Defendant-Intervenor admits that the Bureau of Land Management is the agency with the U.S. Department of the Interior responsible for managing oil and gas exploration, leasing, and development on federal lands. The remaining allegations in the first sentence of Paragraph 20 of the Amended Complaint constitute a characterization of the law that requires no response. To the extent that these allegations are deemed to require a response, they are denied. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the last sentence of Paragraph 20 of the Amended Complaint and therefore denies same.

## STATUTORY AND REGULATORY FRAMEWORK

### National Environmental Policy Act

21.     The allegations in Paragraph 21 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

22.     The allegations in Paragraph 22 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

23.     The allegations in Paragraph 23 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in

its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

24.     The allegations in Paragraph 24 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

25.     The allegations in Paragraph 25 of the Amended Complaint set out a depiction of the law that requires no response. To the extent that these allegations are deemed to require a response, they are denied.

26.     The allegations in Paragraph 26 of the Amended Complaint set out a depiction of the law that requires no response. To the extent that these allegations are deemed to require a response, they are denied.

27.     The allegations in Paragraph 27 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

28.     The allegations in Paragraph 28 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

29.     The allegations in Paragraph 29 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in

its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

30.     The allegations in Paragraph 30 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

**The Clean Water Act**

31.     The allegations in Paragraph 31 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

32.     In response to the first sentence of Paragraph 32 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied. In response to the third sentence of Paragraph 32 of the Amended Complaint, Defendant-Intervenor admits that the Final Environmental Impact Statement ("FEIS") for the Atlantic Rim Development Project area identified surface waters in or near the ARPA that are classified by the State for certain designated uses, include drinking water, fish and other aquatic life, recreation, wildlife and scenic value. The remaining allegations in Paragraph 32 of the Amended Complaint set out a depiction of the law that requires no response.

33.     Defendant-Intervenor denies the allegations in the second sentence of Paragraph 33 of the Amended Complaint. The allegations in the remainder of Paragraph 33 of the

Amended Complaint constitute a characterization of law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

### The Federal Land Policy and Management Act

34.    The allegations in Paragraph 34 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

35.    The allegations in Paragraph 35 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

36.    The allegations in Paragraph 36 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

### Oil and Gas Drilling

37.    Defendant-Intervenor denies the allegations in Paragraph 37 of the Amended Complaint. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof.

38.    The allegations in Paragraph 38 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in

its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

39.     Defendant-Intervenor denies the last sentence of Paragraph 39 of the Amended Complaint. The remaining allegations in Paragraph 39 of the Amended Complaint set out a depiction of the law and/or a characterization of this action that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

## FACTUAL BACKGROUND

40.     Defendant-Intervenor denies the allegations in the first sentence of Paragraph 40 of the Amended Complaint. In response to the remaining allegations in Paragraph 40, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

41.     In response to the allegations in Paragraph 41 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

42.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 42 of the Amended Complaint and therefore denies same. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

43.    In response to the allegations in Paragraph 43 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

44.    In response to the allegations in Paragraph 44 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

45.    In response to the allegations in Paragraph 45 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

46.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 46 of the Amended Complaint and therefore denies same.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

47.    Defendant-Intervenor admits that in February 2002, BLM issued a call for data for the revision of the Great Divide Resource Management Plan ("RMP").  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the last sentence of Paragraph 47 of the Amended Complaint and therefore denies same.

48.     Defendant-Intervenor admits that on January 31, 2003, the BLM issued a scoping notice to identify issues to be addressed in the Environmental Impact Statement ("EIS") for the revision of the Great Divide RMP, to become the Rawlins RMP.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 48 of the Amended Complaint and therefore denies same.

49.     Defendant-Intervenor admits that on December 17, 2004, BLM released a Draft EIS for the Rawlins RMP.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 49 of the Amended Complaint and therefore denies same.

50.     Defendant-Intervenor admits that allegations in Paragraph 50 of the Amended Complaint.

51.     The allegations in Paragraph 51 of the Amended Complaint set out a depiction of the nature of this action that requires no response.  To the extent a response is deemed required, Defendant-Intervenor denies the allegations.

52.     Defendant-Intervenor admits that on December 12, 2005, the BLM issued a Draft EIS for the proposed Atlantic Rim Natural Gas Field Development Project ("ARP").  Defendant-Intervenor admits that the proposed action in the Draft EIS for the ARP was to develop the natural gas resource by drilling approximately 2,000 new natural gas wells.  Defendant-Intervenor admits that the ARP sits within the Red Desert southwest of the town of Rawlins.  Defendant-Intervenor admits that the proposed action in the Draft EIS for the ARP included new roads and pipelines.  In response to the remainder of the allegations in Paragraph 52 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety

for its words, substance, meaning, content or context thereof, and, to the extent that they are deemed to require a response, they are denied.

53. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 53 of the Amended Complaint and therefore denies same.

54. Defendant-Intervenor admits that in late 2006, BLM released a Final EIS ("FEIS") for the proposed ARP.

55. Defendant-Intervenor admits the allegations in Paragraph 55 of the Amended Complaint and therefore denies same.

56. Defendant-Intervenor admits that on May 21, 2007, the BLM issued a Record of Decision ("ROD") outlining a management plan for the ARP. In the ROD, the BLM stated that it will conduct the appropriate level of environmental review prior to authorizing applications for permits to drill, right-of-way grants, sundry notices and applications for special use permits associated with the project. Defendant-Intervenor denies the remainder of the allegations in Paragraph 56 of the Amended Complaint.

57. Defendant-Intervenor admits the allegations in Paragraph 57 of the Amended Complaint.

58. Defendant-Intervenor admits the allegations in Paragraph 58 of the Amended Complaint.

59. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of Paragraph 59 of the Amended Complaint and therefore denies same. The allegations in the second sentence of Paragraph 59 of

the Amended Complaint set out a characterization of the law that requires no response. To the extent that these allegations are deemed to require a response, they are denied.

60.    Defendant-Intervenor admits the allegations in the first three sentences of Paragraph 60 of the Amended Complaint. Defendant-Intervenor denies the allegations in the last sentence of Paragraph 60 of the Amended Complaint.

61.    Defendant-Intervenor denies the allegations in Paragraph 61 of the Amended Complaint.

62.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 62 of the Amended Complaint and therefore denies same.

63.    Defendant-Intervenor admits the allegations in Paragraph 63 of the Amended Complaint.

64.    Defendant-Intervenor denies the allegations in Paragraph 64 of the Amended Complaint.

65.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 65 of the Amended Complaint and therefore denies same.

66.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 66 of the Amended Complaint and therefore denies same.

67.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 67 of the Amended Complaint and therefore denies same.

68.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 68 of the Amended Complaint and therefore denies same.

69.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 69 of the Amended Complaint and therefore denies same.

70.    Defendant-Intervenor admits the allegations in the first sentence of Paragraph 70 of the Amended Complaint.  Defendant-Intervenor denies the allegations in the second sentence of Paragraph 70.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in the last sentence of Paragraph 70 of the Amended Complaint and therefore denies same.

## FIRST CAUSE OF ACTION

71.    Defendant-Intervenor restates and incorporates by reference its responses in Paragraphs 1 through 70 as if fully set forth herein.

72.    The allegations in Paragraph 72 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent these allegations require a response, they are denied.

73.    The allegations in Paragraph 73 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent these allegations require a response, they are denied.

74.     Defendant-Intervenor denies the allegations in Paragraph 74 of the Amended Complaint.

75.     Defendant-Intervenor admits that in the ROD for the ARP, BLM stated that it will conduct the appropriate level of environmental review prior to authorizing applications for permits to drill, right-of-way grants, sundry notices, and applications for special use permits associated with the project.

76.     Defendant-Intervenor denies the allegations in Paragraph 76 of the Amended Complaint.

77.     Defendant-Intervenor denies the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendant-Intervenor denies the allegations in Paragraph 78 of the Amended Complaint.

79.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 79 of the Amended Complaint and therefore denies same.

80.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 80 of the Amended Complaint and therefore denies same.

81.     Defendant-Intervenor admits that BLM did not attribute its decision to approve Sun Dog C, D, and E PODs to an emergency circumstance. Defendant-Intervenor denies the remainder of the allegations in Paragraph 81 of the Amended Complaint.

82.     Defendant-Intervenor admits that BLM prepared and approved Environmental Assessments/Findings of No Significant Impact ("EA/FONSIs") for the Sun Dog C, D, and E

PODs. Defendant-Intervenor admits that BLM approved Applications for Permits to Drill ("APDs") for 48 new wells in Sun Dog C, D, and E PODs. Defendant-Intervenors deny the remainder of the allegations in Paragraph 82 of the Amended Complaint.

83.    Defendant-Intervenor denies the allegations in Paragraph 83 of the Amended Complaint.

## SECOND CAUSE OF ACTION

84.    Defendant-Intervenor restates and incorporates by reference its responses in Paragraphs 1 through 83 as if fully set forth herein.

85.    The allegations in Paragraph 85 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

86.    Defendant-Intervenor admits that the greater sage grouse is a BLM Wyoming sensitive species. Defendant-Intervenor denies the remainder of the allegations in Paragraph 86 of the Amended Complaint.

87.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 87 of the Amended Complaint and therefore denies same.

88.    Defendant-Intervenor denies the allegations in Paragraph 88 of the Amended Complaint.

89.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 89 of the Amended Complaint and therefore denies same.

90.    Defendant-Intervenor denies the allegations in Paragraph 90 of the Amended Complaint.

91.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of averments in Paragraph 91 of the Amended Complaint and therefore denies same.

92.    Defendant-Intervenor denies the allegations in Paragraph 92 of the Amended Complaint.

93.    Defendant-Intervenor denies the allegations in Paragraph 93 of the Amended Complaint.

94.    Defendant-Intervenor denies the allegations in Paragraph 94 of the Amended Complaint.

95.    Defendant-Intervenor admits that, in the FEIS for the ARP, BLM determined that the Proposed Action and Alternatives C and D were expected to result in impacts to the greater sage grouse that exceed the "significance criteria" identified in the ARP FEIS. Defendant-Intervenor denies the remainder of the allegations in Paragraph 95 of the Amended Complaint.

96.    Defendant-Intervenor denies the allegations in Paragraph 96 of the Amended Complaint.

97.    Defendant-Intervenor denies the allegations in Paragraph 97 of the Amended Complaint.

## THIRD CAUSE OF ACTION

98.    Defendant-Intervenor restates and incorporates by reference their responses in Paragraphs 1 through 97 as if fully set forth herein.

17

99. The allegations in Paragraph 99 of the Amended Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

100. Defendant-Intervenor denies the allegations in Paragraph 100 of the Amended Complaint.

101. Defendant-Intervenor denies the allegations in Paragraph 101 of the Amended Complaint.

102. Defendant-Intervenor denies the allegations in Paragraph 102 of the Amended Complaint.

103. Defendant-Intervenor denies the allegations in Paragraph 103 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

104. Defendant-Intervenor restates and incorporates by reference their responses in Paragraphs 1 through 103 as if fully set forth herein.

105. The allegations in Paragraph 105 of the Amended Complaint constitute a characterization of law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

106. The allegations in the first sentence of Paragraph 106 of the Amended Complaint constitute a characterization of law that requires no response. To the extent that these allegations are deemed to require a response, they are denied. Defendant-Intervenor admits the allegations in the last sentence of Paragraph 106 of the Amended Complaint.

107.    Defendant-Intervenor denies the allegations in Paragraph 107 of the Amended Complaint.

108.    Defendant-Intervenor denies the allegations in Paragraph 108 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

109.    Defendant-Intervenor restates and incorporates by reference their responses in Paragraphs 1 through 108 as if fully set forth herein.

110.    The allegations in Paragraph 110 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

111.    The allegations in Paragraph 111 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

112.    The allegations in Paragraph 112 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

113.    Defendant-Intervenor denies the allegations in Paragraph 114 of the Amended Complaint.

114.    Defendant-Intervenor denies each and every allegation of the Amended Complaint not previously admitted, explained, qualified, or denied.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed in whole or in part because Plaintiffs failed to exhaust administrative remedies and/or on the grounds of primary jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants did not violate any provisions of National Environmental Policy Act, the Clean Water Act, the Federal Land Policy and Management Act or the Administrative Procedure Act or act arbitrarily or capriciously in the development of the EIS, the ROD and the four EAs and FONSI/DRs challenged by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not presented the requisite facts or evidence to warrant the remedy it seeks.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' fifth cause of action should be dismissed because Plaintiffs failed to satisfy the notice requirements of the Clean Water Act and this Court lacks subject matter jurisdiction over that claim. *See* 33 U.S.C. §1365(b).

The State reserves the right to assert additional defenses as they become known between the time of filing this Answer and trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenor, State of Wyoming, prays for judgment as follows:

1.    To the extent that the Amended Complaint seeks declaratory judgment that the Defendants have violated the National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), the Clean Water Act ("CWA") or the Administrative Procedure Act ("APA"), and applicable implementing regulations, it is denied:

2.    To the extent that the Amended Complaint seeks injunctive relief directing Defendants to rescind the applications for permits to drill approved for Catalina A & B PODs and Sun Dog A, B, C, D and E PODs until the BLM corrects the alleged violations of NEPA, FLPMA, CWA, or the APA, it is denied;

3.    To the extent that the Amended Complaint seeks Injunctive relief prohibiting Defendants from approving any further applications to drill, or other ground-disturbing activity, tied to the ARP EIS until the BLM corrects the alleged violations of NEPA, FLPMA, CWA and the APA, it is denied;

4.    To the extent that the Amended Complaint seeks litigation expenses of the Defendants, it is denied;

5.    Judgment on the merits in favor of Defendants and Defendant-Intervenors and against the Plaintiffs; and

6.    For such other relief that this Court may deem just and proper.

Dated this 27th day of November, 2007

FOR THE STATE OF WYOMING

/s/ Jay Jerde
Jay Jerde
Deputy Attorney General


/s/ Kristen A. Dolan
Kristen A. Dolan
Senior Assistant Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 Facsimile
kdolan@state.wy.us

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER OF THE STATE OF WYOMING TO PLAINTIFFS' FIRST AMENDED COMPLAINT was served by placing the same in the United States mail, postage prepaid this 26th day of November, 2007 to the following:

Sharon Buccino
Natural Resources Defense Council
1200 New York Avenue, NW
Suite 400
Washington, D.C. 20005

Lori Caramanian
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294

Michael B. Wigmore
Bingham McCutchen, LLP
2020 K Street, NW
Washington, D.C. 20006

Aaron Bloom
Natural Resources Defense Counsel
40 West 20th Street
New York, NY 10011

Robert Charles Mathes
Bjork Lindley Little, PC
1600 Stout Street, Suite 1400
Denver, CO 80202-3110

/s/ Kristen A. Dolan
Kristen A. Dolan
Assistant Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 facsimile
kdolan@state.wy.us