### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK A. KEMPTHORNE, in his official capacity, ) <br> THE UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, and ) <br> THE BUREAU OF LAND MANAGEMENT, ) <br> ) <br> Defendants, ) <br> ) <br> ANADARKO PETROLEUM CORPORATION, ) <br> WARREN RESOURCES, INC., and DOUBLE ) <br> EAGLE PETROLEUM CO., ) <br> and ) <br> STATE OF WYOMING, ) <br> ) <br> Defendant-Intervenors. ) <br> ) | 07-cv-01709-RJL |

**DEFENDANTS' COMBINED STATEMENT OF FACTS AS TO WHICH THERE IS NO GENUINE ISSUE AND RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), Federal Defendants provide the following combined statement of material facts as to which there is no genuine issue and response to Plaintiffs' statement of material facts as to which there is no genuine issue.

The parties in this case are currently briefing cross-motions for summary judgment under Fed. R. Civ. P. 56 and LCvR 7. Defendants are filing herewith papers in support of their motion for summary judgment and in response to Plaintiffs' motion for summary judgment. LCvR 7(h) requires the submission of a statement of material facts, which the movant contends are not in

dispute. For the reasons explained below, however, the material facts in this case are contained in the administrative record and they are not in dispute.

"Because NEPA creates no private right of action, challenges to agency compliance with the statute must be brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 551 et seq., which requires 'final agency action for which there is no other adequate remedy in a court.'" Karst Envtl. Educ. & Protection, Inc. v. EPA, 475 F.3d 1291, 1295 (D.C. Cir. 2007) (citation omitted). While the parties are moving for summary judgment pursuant to Federal Rule of Civil Procedure 56, "[i]n a case involving review of a final agency action under the APA . . . the standard set forth in Rule 56(c) does not apply because of the limited role of a court in reviewing the administrative record." North Carolina Fisheries Ass'n v. Gutierrez, 518 F. Supp. 2d 62, 79 (D.D.C. 2007), citing Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006). The North Carolina Fisheries court explained, "[u]nder the APA, it is the it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas 'the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" 518 F. Supp. 2d at 79, quoting Occidental Eng'g Co. v. INS, 753 F.3d 766, 769-70 (9th Cir. 1985) and citing Northwest Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1472 (9th Cir. 1994 ("[T]his case involves review of a final agency determination under the [APA]; therefore, resolution of th[e] matter does not require fact finding on behalf of this court."). Therefore, summary judgment simply "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." 518 F. Supp. 2d at 79, citing Richards v.

INS, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977), cited in Bloch v. Powell, 227 F. Supp. 2d 25, 31 (D.D.C. 2002), aff'd 348 F.3d 1060 (D.C. Cir. 2003).

Plaintiffs filed a "Statement Of Material Facts As to Which There Is No Genuine Issue" containing 56 numbered paragraphs of supposedly undisputed facts, most of which are actually characterizations of the administrative record. The documents in the record speak for themselves and are the best evidence of their contents. Federal Defendants dispute any characterizations of them not consistent with the language of those documents. Plaintiffs also reference a few extra-record documents, which Federal Defendants have separately moved to strike, and which the Court should disregard.

For the reasons stated above, Defendants disagree that any of the "facts" set forth in Plaintiffs' Statement are facts material to this Court's consideration of the Cross-Motions for Summary Judgment.

Respectfully submitted this 30th day of May, 2008.

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division


  /s/ Lori Caramanian
Lori Caramanian
United States Department of Justice
Environment and Natural Resources Division
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

                                                        Attorneys for Federal Defendants

Arthur R. Kleven  
Attorney-Advisor  
U.S. Department of the Interior  
Office of the Solicitor, Rocky Mtn. Region