**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ———————————————— | ) | |
| NATURAL RESOURCES DEFENSE COUNCIL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07-cv-01709-RJL |
| | ) | |
| DIRK A. KEMPTHORNE, in his official capacity, | ) | |
| THE UNITED STATES DEPARTMENT OF THE | ) | |
| INTERIOR, and | ) | |
| THE BUREAU OF LAND MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

**FEDERAL DEFENDANTS' MOTION TO STRIKE**

Federal Defendants submit the following memorandum in support of their motion to strike two extra-record exhibits attached to Plaintiffs' Motion for Summary Judgment that fall outside the administrative record: the second Molvar declaration, and a 2008 Denver Post newspaper article entitled "Wyoming Ozone Alert Stirs Debate." The Court should also decline Plaintiffs' request that it take judicial notice of an EPA ozone fact sheet, two articles on ozone cited in footnote three of their brief, and a draft supplemental environmental impact statement for the Pinedale Anticline Oil and Gas Exploration and Development project (Pinedale DSEIS). By attempting to rely on these documents in their summary judgment motion, Plaintiffs seek a second "bite at the apple" in their attempts to improperly expand the scope of judicial review beyond the administrative record. Worse, they make no attempt to meet their burden of explaining why this Court should disregard the limitations of the Administrative Procedure Act, which require that the Court's review be limited

to the administrative record.

This Court's March 17, 2008 scheduling order set forth a process for resolving disputes over the adequacy of the administrative record as a basis for this Court's review. It called for the Federal Defendants to submit the administrative record to the Court on March 31, 2008, and stated that "[i]n the event a Party has concerns regarding the content or completeness of the administrative record, it shall raise those concerns to the Federal Defendants . . . and attempt to resolve those concerns in good faith." Docket 45 at 1-2. The order further provides that "[i]n the event there is no unresolved dispute over the content of the administrative record, the following schedule" shall apply. Id. at 3. That process was followed. Plaintiffs did not file a motion objecting to the content or completeness of the record, but instead filed their summary judgment motion on April 28, 2008. Indeed, it is telling that they do not argue here that the record is inadequate as a basis for the Court to review the Bureau of Land Management's (BLM) decision on the Atlantic Rim project, but instead seek to skirt the limitations on record review by claiming that the Molvar declaration is offered only to show standing (it is not) and that the Court should take judicial notice of other documents. The Court should strike these improperly referenced documents and those portions of Plaintiffs' summary judgment brief that rely upon them.

## II. ARGUMENT

The Court's review of the merits of this case is limited to the administrative record. The administrative record consists of the documents considered by the decisionmaker in making the decision. Plaintiffs' extra-record exhibits, compiled by the Plaintiffs to support their motion for summary judgment, were not considered by or available to the decisionmaker and thus should not be considered by this Court. Plaintiffs have also failed to show that the exhibits they offered fall

within one of the limited exceptions to the rule limiting review to the administrative record. Further, the judicial notice is not an appropriate means of supplementing the administrative record. The Court should therefore reject Plaintiffs' attempt to expand review beyond the administrative record by striking these exhibits.

A.     **Under the APA, the Court's Review of BLM's Decision Is Restricted to the Administrative Record**

Plaintiffs' challenge is before the Court pursuant to the United States' waiver of sovereign immunity in the APA, 5 U.S.C. §§ 551-706; Am. Complaint ¶ 10.  It is well established that a court's review under the APA is restricted to "the whole record or those parts of it cited by a party." 5 U.S.C. § 706.  The Supreme Court has emphasized the strict limitations that the APA imposes on judicial review:

> We have made it abundantly clear before that when there is a contemporaneous explanation of the agency decision, the validity of that action must "stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then the [agency] decision must be vacated and the matter remanded to [the agency] for further consideration." Camp v. Pitts, 411 U.S. 138, 143 (1973).

Vermont Yankee Nuclear Power Corp.  v. NRDC, 435 U.S. 519, 549 (1978).  The Court's responsibility is to determine whether the agency's action is reasonable; the basis for this inquiry is the agency's administrative record underlying that decision.  Limiting judicial review to the agency's record protects the integrity of the administrative process and precludes the reviewing court from conducting a de novo review of the agency's decision. See also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-421 (1971).  Under the APA, therefore, the court does not take evidence or make findings of fact. Cronin v. Department of Agriculture, 919 F.2d 439, 443 (7th Cir. 1990).  Rather, "[t]he task of the reviewing court is to apply the appropriate APA standard

3

of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981); Fund for Animals v. Babbitt, 903 F. Supp 96, 105 (D.D.C. 1995). "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." Walter O. Boswell Memorial Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984). Further, a presumption of validity attaches to agency decisions made on the record. Ethyl Corp. v. EPA, 541 F.2d 1, 34 (D.C. Cir.) (en banc), cert. denied, 426 U.S. 941 (1976). While some narrow exceptions to the rule of record review have been recognized, Plaintiffs has made no attempt to show they are applicable here.

It is plaintiffs' burden to demonstrate that the record is inadequate as a basis for the Court's review. See Ammex, Inc. v. United States, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999) ("In order to provide such a 'reasonable basis,' a party must do more than simply allege that the record is incomplete. Rather, a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record."). The courts "assume[] the agency properly designated the Administrative Record absent clear evidence to the contrary." Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993); see also Ammex Inc., 62 F. Supp. 2d at 1156. Here, plaintiffs have made no showing that the administrative record is inadequate as a basis for the Court's review, or that it would be appropriate for the Court to rely on extra-record evidence to evaluate BLM's decision. Nor could they. It is inaccurate to suggest that the Court could not glean from the lengthy administrative record, or as the APA states, "those parts of it cited by a party," whether the allegations plaintiffs level at defendants have any

4

merit.

Plaintiffs claim that the Molvar declaration is offered to demonstrate standing, and Federal Defendants do not object to it for that purpose, but they also cite the declaration as support for their merits arguments, citing it in the factual background section, and in support of their argument that BLM failed to provide an opportunity for public comment. Plfs. Br. at 2-3, 42, Plfs. Ex. 1. Plaintiffs also cite a newspaper article in support of their argument that BLM failed to address air quality impacts for the proposition that "Wyoming officials have issued several health alerts in rural gas-drilling areas due to a substantial buildup of ozone." Plfs. Br. at 18. Setting aside that the article is outside the administrative record and that, as hearsay, newspaper articles have questionable probative value, the article does not say that Wyoming official have issued "several" health alerts, it says Wyoming officials issued an "unprecedented" alert, the "first" of its kind in the area. Plfs. Ex. 14. The Court should strike both exhibits.

**B.    The Court Should Not Take Judicial Notice of the Exhibits**

Taking judicial notice of the documents would likewise defeat the purpose of limiting review to the record. Federal Rule 201(b) allows the Court to take judicial notice of a fact when it is

> not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). Judicial notice is intended to allow a court to accept "for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact," such as "the fact that water freezes at 32 degrees Fahrenheit." Black's Law Dictionary (8th ed. 2004). The EPA Fact Sheet Plaintiffs cite is a generic overview of possible impacts. While Plaintiffs rely on it to argue that breathing ozone causes a variety of health problems, the fact sheet suggests that

"people with lung disease, children, older adults, and people who are active can be affected when ozone levels are unhealthy." http://www.epa.gov/air/ozonepollution/health.html Pls. Br. at 7 n.3. The Court also should not take judicial notice of Bell, M.L.; McDermott, A; Zeger, S.L.; Samet, J.M.; Dominici, F. (2004) Ozone and Short-term Mortality in 95 US Urban Communities, 1987-2000. J.American Medical Association, 292:2372-2378 and Gryparis, A. et al. (2004) Acute Effects of Ozone on Mortality from the "Air Pollution and Health a European Approach" Project. Am.J.Respir.Crit.CareMed. 170: 1080-1087. Plfs. Br. at 7 n.4. Plaintiffs provide no support to show that the articles contain facts not subject to reasonable dispute. Indeed, they did not even provide them to the Court.

Finally, Plaintiffs ask the Court to take judicial notice of a discussion of the Scheffe methodology in the Pinedale SDEIS. Plfs. Br. at 15, Plfs. Ex. 13. Ironically, given their challenge to the FEIS here, they suggest that the accuracy of the SDEIS is "not disputed" apparently because the document is available on the internet. Plfs. Br. at 15, n.10. While BLM does not dispute that it is taking a different approach in the Pinedale analysis, that project was at a different stage in its analysis. Here, BLM properly explained its rationale, and the Court should not go beyond the administrative record to evaluate its decision. The Court should therefore deny Plaintiffs' request that it take judicial notice of these documents.

Federal Defendants' Motion to Strike the extra-record exhibits should be granted. The Court should also strike those portions of Plaintiffs' brief that improperly reference these documents. Rybachek v. EPA, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (granting motion to strike portions of petitioners' brief that included and relies on extra record materials).

Pursuant to LCvR 7(m), Federal Defendants attempted to confer with counsel for Plaintiffs

as to their position on this motion.  Plaintiffs' counsel was out of the office, and Federal Defendants

were unable to obtain her position prior to filing this motion.

Respectfully submitted this 30th day of May, 2008.

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

  /s/ Lori Caramanian
Lori Caramanian
United States Department of Justice
Environment and Natural Resources Division
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

Attorneys for Federal Defendants

Arthur R. Kleven
Attorney-Advisor
U.S. Department of the Interior
Office of the Solicitor, Rocky Mtn. Region

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
NATURAL RESOURCES DEFENSE COUNCIL,      )
                                        )
        Plaintiffs,                     )
                                        )
               v.                       )        1:07-cv-01709-RJL
                                        )
DIRK A. KEMPTHORNE, in his official capacity, )
THE UNITED STATES DEPARTMENT OF THE     )
INTERIOR, and                           )
THE BUREAU OF LAND MANAGEMENT,          )
                                        )
        Defendants.                     )
_____)
ANADARKO PETROLEUM CORPORATION,         )
WARREN RESOURCES, INC., and DOUBLE      )
EAGLE PETROLEUM CO.,                    )
                                        )
        Defendant-Intervenors,          )
                                        )
STATE OF WYOMING,                       )
                                        )
        Defendant-Intervenor.           )
_____)

**[PROPOSED] ORDER GRANTING FEDERAL DEFENDANTS MOTION TO STRIKE**

---

**THIS MATTER** comes before the Court on the Federal Defendants' Motion to

Strike, filed May 30, 2008 ("Defendants' Motion to Strike").

**IT IS ORDERED** that the Federal Defendants' Motion to Strike is granted.  The Court

will strike the following extra record exhibits from Plaintiffs' Motion for Summary Judgment

(Plfs. Br), and those portions of Plaintiffs' brief that rely on them:  the second Molvar

declaration, attached as Ex. 1 to Plfs. Br., and the 2008 Denver Post newspaper article entitled

"Wyoming Ozone Alert Stirs Debate," attached as Ex. 14 to Plfs. Br.  Further, the Court will

decline to take judicial notice of an EPA ozone fact sheet, referenced in Plfs. Br. at 7, n.3, or the

studies referenced in Plfs. Br. at 7, n. 4..  Nor will the court take judicial notice of a draft

supplemental environmental impact statement for the Pinedale Anticline Oil and Gas Exploration

and Development project attached to Plfs. Br. as Ex. 13.

**SO ORDERED**.

DATED: _____          _____
                                        RICHARD J. LEON
                                        UNITED STATES DISTRICT JUDGE