**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 07-cv-01709-RJL |
| DIRK A. KEMPTHORNE, in his official capacity, THE UNITED STATES DEPARTMENT OF THE INTERIOR, and THE BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE**

On May 30, 2008, Federal Defendants moved to strike two extra-record exhibits attached to Plaintiffs' Motion for Summary Judgment that fall outside the administrative record: the second Molvar declaration, and a 2008 Denver Post newspaper article entitled "Wyoming Ozone Alert Stirs Debate." We also moved the Court to deny Plaintiffs' request that it take judicial notice of an EPA ozone fact sheet, two articles on ozone cited in footnote three of their brief, and a draft supplemental environmental impact statement for the Pinedale Anticline Oil and Gas Exploration and Development project (Pinedale DSEIS). In their Opposition to Defendants' Motion to Strike, Plaintiffs argue that Federal Defendants' motion to strike is "in error" because "[s]ubmission of standing declarations is a proper and necessary component of Plaintiffs' motion for summary judgment." Plfs. Opposition to Motion to Strike at 1. Plaintiffs also imply that since the documents are "insignificant" and play a "minor role," Federal Defendants' motion is not well taken. Plfs. Opp.

1

at 2 ("Defendants' motion is surprising given the insignificant role that these documents play in support of Plaintiffs' motion, which is fully supported by documents within the administrative record.").

Plaintiffs' argument ignores three points: 1) we specifically stated in our motion to strike that we only objected to Plaintiffs' reliance on the Molvar declaration to the extent it was offered in support of their merits arguments, and we did not object to their reliance on it to support their claim of standing;[1] 2) the rules limiting the Court's review to the administrative record do not create an exception for "insignificant" extra-record evidence; and 3) Plaintiffs admit that they could have supported their arguments with citations to documents in the administrative record and that their extra-record evidence is not necessary for the Court to resolve the issues in this case. The Court need look no further to conclude that it should strike their extra-record evidence.

**A.  Plaintiffs Admit that the Court's Review Is Limited to The Administrative Record**

We explained in our motion to strike that the Court's review under the Administrative Procedure Act, 5 U.S.C. §§ 551-706, (APA) is restricted to administrative record and that the validity of the action must "stand or fall" based on the agency's contemporaneous explanation. Camp v. Pitts, 411 U.S. 138, 143 (1973); 5 U.S.C. § 706 (court's review is restricted to "the whole record or those parts of it cited by a party."). Plaintiffs do not dispute that is the correct standard. Nor do they attempt to show that their extra-record documents fall into one of the limited exceptions to the rule limiting review to the record. Instead, they seek to shift the blame to Defendants for moving to strike their extra record evidence. Plfs. Br. at 5. But, Plaintiffs admit their reliance on

---

[1] We did not object to Plaintiffs' other declarations, because they were offered for the limited purpose of establishing standing. Plfs. SJ Br. at 1-2, n.1.

the extra-record evidence was unnecessary. Id. at 2 (arguing their motion is "fully supported by documents within the administrative record"). They concede their arguments could have been supported with citations to the administrative record, which they now supply, but they make no effort to explain why they did not provide those cites to the Court in their opening brief. Id. Ultimately, what is at stake here is the integrity of the Court's review of the administrative process. Plaintiffs' claim that the Court should consider the documents because they are "insignificant" and play a "minor role" is irrelevant. Id. Ultimately, their argument erodes the rule limiting review to the record, and leads to the courts improperly conducting *de novo* review of the agency's decision. The Court should not permit that to occur.

**B.      A Request for Judicial Notice Cannot Escape the Principles of APA Record Review.**

Plaintiffs ask the court to take judicial notice of two ozone studies, the Pinedale DSEIS, and a 2008 Denver Post article, which they attached to their summary judgment brief without explanation.[2] Plfs. Opp. at 3; Plfs. SJ Br. at 18. The Court should not allow a collateral attack on the rule limiting review to the record by permitting Plaintiffs to "back door" their extra-record evidence through judicial notice. The two ozone studies and the Pinedale Draft Supplemental EIS[3]

---

[2] The Denver Post article was published after the decision and is irrelevant to the Court's evaluation of the agency decision. Moreover, Plaintiffs offered the article to argue that "Wyoming officials have issued several health alerts in rural gas-drilling areas due to a substantial buildup of ozone." Plfs. SJ Br. at 18. The article contradicts Plaintiffs' claim, stating that the alert was "unprecedented" and the "first" issued for the Pinedale area. Plfs. Ex. 14.

[3] While Federal Defendants do not dispute the accuracy of documents on BLM's website, Plaintiffs rely on the information to support their argument that BLM switched from the Scheffe method for the Pinedale project and should have done so here. Plfs. Opp. at 4-5. But, that information is already contained in the record, AR 8667, and the extra record-evidence is therefore unnecessary for this Court to resolve the issue. It is unclear when the information regarding ozone was first published on EPA's website, but according to Plaintiffs, these facts were well-established as of 2004 (the year of the two studies they cite), Plfs. Br. at 3-4, and also could have been provided to the agency prior to the decision.

were completed prior to the decision challenged here and could have been provided to the agency during the public process. Plaintiffs do not explain why they failed to do so. Therefore, none of these documents are part of the administrative record, and the Court should grant Federal Defendants' motion to strike.

The D.C. Circuit has not directly addressed this question,[4] but the Ninth Circuit and the Court of Federal Claims have both rejected the use of judicial notice in the context of a challenge brought pursuant to the APA. While Plaintiffs insist they are "not trying to add new documents to the administrative record," Plfs. Br. at 5, that is precisely what they are doing. In Rybachek v. EPA, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990), the Ninth Circuit rejected the same tactic where a party filed a motion to take judicial notice of several documents. The court construed the motion as a motion to supplement the record. Id. The Ninth Circuit rejected the motion, finding that the agency "did not rely on the information contained in the . . . proffered documents, nor does the information address issues not already present in the record." Id., citing Friends of the Earth v. Hintz, 800 F.2d 822, 829 (9th Cir.1986) (listing "exceptions . . . to the rule that review of agency action is limited to the administrative record"). Because the documents did not fall within one of the exceptions, the court found that it could not be used to attack the decision. 904 F.2d at 1296 n.25. See also Seifert v. Winter, No. 06-2219 (RBW), __ F. Supp. 2d __, 2008 WL 879029, at *6, n.5 (D.D.C. 2008) (applying Ninth Circuit rule, court concluded it could take judicial notice of government manual where one of the exceptions applied).

---

[4] In Nebraska v. EPA, 331 F.3d 995, 998 and n.3 (D.C. Cir. 2003), evaluating a challenge to the constitutionality of EPA regulations, the court took judicial notice of documents that were not in the administrative record, but which were on EPA's website. It did not address the question of the propriety of taking judicial notice of extra-record documents to evaluate a claim pursuant to the Administrative Procedure Act.

In <u>Murakami v. United States.</u>, 46 Fed. Cl. 731, 734 (Fed. Cl. 2000), the court considered plaintiff's motion to supplement the record, or in the alternative to take judicial notice of several documents, including government documents and newspaper articles. The court evaluated the motion pursuant to the D.C. Circuit's decision in <u>Esch v. Yeutter</u>, 876 F.2d 976, 991 (1989), which set forth several limited exceptions to the rule confining review to the record.[5] <u>Id.</u> at 736. Denying the motion to supplement, the court held that none of the exceptions applied. <u>Id.</u> Further, addressing the question of whether it should take judicial notice of the documents, the court found that it was "disinclined to use Rule 201 to circumvent the established rule requiring review in cases such as this to be based on the administrative record . . . ." <u>Id.</u> at 739. The court observed that principle should be particularly true where the extra-record evidence was being used to support a theory that was not advanced during the administrative proceedings. <u>Id.</u> It held that "discretion to take judicial notice must be exercised sparingly lest Rule 201 be wielded to create an exception that would envelop the established procedures for conducting arbitrary and capricious review." <u>Id.</u>

Accordingly, the attempt to apply the concept of judicial notice in this case is inappropriate, and Federal Defendants' motion to strike should be granted.

---

[5] The Court of Appeals has itself recognized that the probative value of the dicta recitation of exceptions in <u>Esch</u> is limited. <u>See</u> <u>Peterson Farms I v. Espy</u>, 15 F.3d 1160, at *3 (D.C. Cir. 1994) (table); <u>see also</u> <u>Beverly Enterprises, Inc. v. Herman</u>, 130 F. Supp. 2d 1, 8 n.2 (D.D.C. 2000) ("This circuit has acknowledged eight exceptions to the general rule of limiting review to the agency record in informal agency proceedings, and has limited their use even in that context."), citing <u>Esch</u> and <u>Peterson Farms</u>; <u>Oceana, Inc. v. Evans</u>, 384 F. Supp. 2d 203, 217 n.17 (D.D.C. 2005) (recognizing the eight exceptions set forth in <u>Esch</u> as dicta).

Respectfully submitted this 20th day of June, 2008.

                                         RONALD J. TENPAS
                                         Assistant Attorney General
                                         United States Department of Justice
                                         Environment & Natural Resources Division

                                           /s/ Lori Caramanian
                                         Lori Caramanian
                                         United States Department of Justice
                                         Environment and Natural Resources Division
                                         Environment & Natural Resources Division
                                         1961 Stout Street, 8th Floor
                                         Denver, CO 80294
                                         Phone: (303) 844-1499
                                         Fax: (303) 844-1350
                                         Email: lori.caramanian@usdoj.gov

                                         Attorneys for Federal Defendants

Arthur R. Kleven
Attorney-Advisor
U.S. Department of the Interior
Office of the Solicitor, Rocky Mtn. Region